BROWN v BROWN

Docket No. 52106. Submitted January 7, 1981, at Grand Rapids.—
Decided March 17, 1981.

Kenneth Brown was granted a divorce from Florence A. Brown in
Arizona and was awarded permanent custody of the couple's
minor son. Prior to the award of custody, Florence Brown
removed her son from the family residence and moved to
Michigan. She thereafter refused to comply with the custody
order or with an order directing her to return the child to
Kenneth Brown. Florence Brown brought an action against
Kenneth Brown in Kent Circuit Court, seeking temporary
custody of the child and a modification of the Arizona custody
award. John T. Letts, J., granted summary judgment in favor
of Kenneth Brown on the ground that the Michigan court had
no jurisdiction to modify the custody judgment of the Arizona
court. Florence Brown appeals. *Held:*

1. The authority of the Michigan court to modify a foreign
custody judgment is controlled by the Uniform Child Custody
Jurisdiction Act. Under the provisions of that act the court
could have found in this case that the statutory prerequisites
for jurisdiction were met and that the Arizona court no longer
had jurisdiction over the controversy.

2. Florence Brown's actions in violation of some of the
provisions of the Arizona judgment were not such as to prevent
the Michigan court from exercising jurisdiction.

3. Although the circuit court could have exercised jurisdic-
tion, a remand would now be futile under the present circum-
stances. The child is now residing with his father in Arizona
under the terms of the Arizona judgment, and the Michigan

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation §§ 999-1001.
[2, 3] 24 Am Jur 2d, Divorce and Jurisdiction §§ 772-782.
Court's power to modify child custody order as affected by agree-
ment which was incorporated in divorce decree. 73 ALR2d 1444.
[4] 24 Am Jur 2d, Divorce and Separation § 783.
Nonresidence as affecting one's right to custody of child. 15 ALR2d
432.

court cannot now rule that the Arizona court does not have jurisdiction. The circuit court decision is therefore affirmed.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY — STATUTES.

A Michigan court's authority to modify a foreign custody judgment is limited by a provision of the Uniform Child Custody Jurisdiction Act (MCL 600.664[1]; MSA 27A.664[1]).

2. PARENT AND CHILD — CHILD CUSTODY — COURTS — JURISDICTION — STATUTES.

A Michigan court, in order to assume jurisdiction to modify a child custody decree or judgment of another state, must first determine that (a) it has jurisdiction under the jurisdictional prerequisites of the Uniform Child Custody Jurisdiction Act and (b) the other state no longer has jurisdiction under these jurisdictional prerequisites or has declined to exercise that jurisdiction (MCL 600.653[1], 600.664[1]; MSA 27A.653[1], 27A.664[1]).

3. PARENT AND CHILD — CHILD CUSTODY — COURTS — JURISDICTION.

The fact that a petitioner seeking a change of a foreign child custody judgment has violated some of the provisions of the foreign judgment does not prevent a Michigan court from exercising jurisdiction over the matter where all the parties are present, the child has resided in Michigan for some time, and there is substantial evidence in Michigan concerning the child's present and future care, protection, training and personal relationships.

4. PARENT AND CHILD — CHILD CUSTODY — BEST INTERESTS OF CHILD.

The paramount concern in all custody matters is to take action in accordance with the best interest of the child.

Legal Aid of Western Michigan (by *Michael Nelson),* for plaintiff.

Kenneth Brown, *in propria persona.*

Before: ALLEN, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

D. F. WALSH, J. Plaintiff appeals from a circuit court order dismissing a custody claim and return-

ing custody of her child to defendant, the child's father, who now resides in Arizona.

Kenneth Andrew Brown, the child involved in the instant case, was born on October 19, 1975. Plaintiff and defendant were married on September 2, 1977, and the family lived together in Arizona since November, 1976. In early November, 1978, plaintiff left the residence and the child remained with defendant. On November 13, 1978, defendant filed an action for divorce in the Superior Court, Maricopa County, Arizona. A preliminary injunction, prohibiting either party to remove the child from the state, was issued on the same day.

On November 20, 1978, plaintiff removed the minor child from the family residence. On the next day, the Arizona court awarded custody of the child to defendant and ordered plaintiff to return the child to defendant. Plaintiff and child then moved to Michigan in December, 1978. The final decree of dissolution was entered by the Arizona court on February 21, 1979, and defendant was awarded permanent custody of the minor child.

On May 15, 1980, plaintiff filed a complaint in the Kent County Circuit Court for temporary custody of Kenneth Andrew Brown and for the modification of Arizona's permanent custody decree. Plaintiff claimed that defendant made no attempts to contact her or her child since their departure from Arizona and that it was in the best interest of the child that she be awarded custody. Defendant argued that plaintiff refused to inform him of her Michigan address and that when they communicated by phone numerous threats were made against his other children.

On May 30, 1980, the circuit court heard argu-

ments, but did not take any sworn testimony. The court chose to enforce the custody award of the State of Arizona and summarily dismissed plaintiff's case in the following manner:

"Well, I am of the opinion and I am going to so order that the child be returned to the father who has legal custody in Arizona and he should not be denied that right. If there is litigation to be had on that question, it should be done in Arizona, not here before this Court. I am not going to countermand someone else's order, I am not going to issue a restraining order preventing him from getting this child who he is entitled to get and take the child back to Arizona. If you want to go back there and contest it, fine."

The sole issue on appeal is whether it was error for the trial court to dismiss the custody action summarily on the grounds that it had no jurisdiction to modify the custody judgment of the Arizona court. We find that it was, but for reasons hereinafter stated we decline to reverse and remand for further proceedings in the Michigan trial court.

A Michigan court's authority to modify a foreign custody judgment is limited by § 664(1) of the Uniform Child Custody Jurisdiction Act (UCCJA), MCL 600.651 *et seq.;* MSA 27A.651 *et seq.* That section provides:

"Sec 664. (1) If a court of another state has made a custody decree or judgment, a court of this state shall not modify that decree or judgment unless it appears to the court of this state that the court which rendered the decree or judgment does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with §§ 651 to 673 or has declined to assume

jurisdiction to modify the decree or judgment and the court of this state has jurisdiction."

In order to assume jurisdiction to modify the custody decree or judgment of another state, therefore, a court of this state must first determine (a) that it has jurisdiction under the jurisdictional prerequisites of the UCCJA and (b) that the other state no longer has jurisdiction under these jurisdictional prerequisites or has declined to exercise it. The prerequisites for jurisdiction to decide a custody dispute are enumerated in § 653(1) of the act, the pertinent provisions of which are as follows:

"Sec. 653. (1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree or judgment if any of the following exist:

"(a) This state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

The child involved in these proceedings had been living in the State of Michigan for 17 months at the time of the Michigan hearing. Michigan,

therefore, was the "home state"[1] of the child; Arizona was not. Moreover, based on the child's tender age and his long absence from the State of Arizona the court could have determined that the child no longer had any significant connection with that state. See *Settle v Settle,* 276 Ore 759; 556 P2d 962 (1976). On the basis of the foregoing, the court could have found that the Arizona court no longer had jurisdiction over the controversy under the jurisdictional prerequisites of the UCCJA and that Michigan did. Having made that determination, the court could have modified the Arizona judgment if, after a full hearing on the merits, it determined that it was in the best interests of the child to do so.

Defendant contends, however, that even if the court had made the required jurisdictional findings, it would have been precluded from exercising jurisdiction because of the reprehensible conduct of the plaintiff. In support of this contention defendant cites § 658(2) of the UCCJA, which provides:

"(2) Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree or judgment of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated another provision of a custody decree or judgment of another state, the court may decline to exercise its jurisdiction if this is just and proper under the circumstances."

---

[1] " 'Home state' means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least 6 consecutive months, and in the case of a child less than 6 months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of the named persons are counted as part of the 6-month or other period." MCL 600.652(e); MSA 27A.652(e).

In this case, although the plaintiff removed the child from the family residence before the Arizona court awarded custody to the defendant, she thereafter refused to comply with the custody order and the order directing her to return the child to the defendant. In further contravention of the court's order she removed the child from the State of Arizona and brought him to Michigan. It is clear, therefore, that the plaintiff violated some of the provisions of the Arizona custody judgment. We do not find, however, that the Michigan court would have abused its discretion had it elected to exercise jurisdiction. As this Court stated in *Green v Green,* 87 Mich App 706, 714; 276 NW2d 472 (1978):

"In the final analysis the court should not decline jurisdiction under the clean hands principle to punish the parent at the expense of the child. * * * Professor Leonard Ratner emphasizes that * * * *[t]his determination should, whenever feasible, be made by the court most likely to decide correctly,* i.e., *by the court having maximum access to the relevant evidence'.* (Emphasis in original.) Ratner, *Child Custody in a Federal System,* 62 Mich L Rev 795, 809 (1964)."

At the hearing in the Kent County Circuit Court, both of the parties were present. The child had resided in this state for 17 months. There was substantial evidence in this state concerning the child's present and future care, protection, training and personal relationships.

We find that under the provisions of the UCCJA the Kent County Circuit Court could have, and probably should have, exercised jurisdiction in this custody dispute. The fact that a foreign judgment was outstanding did not automatically prevent any

possible modification of the judgment by a Michigan court. Although a significant purpose of the UCCJA is to deter abductions and unilateral removals of children, the paramount concern in all custody matters is to take action in accordance with the best interests of the child. Under the circumstances as they now exist, however, it would be an exercise in futility to reverse and remand to the Kent County Circuit Court for further proceedings. The child is no longer in the State of Michigan. For the past 8 months he has been a resident of the State of Arizona in the custody of his father under the provisions of an Arizona custody judgment. Under these circumstances the Michigan court cannot rule that the Arizona court does not now have jurisdiction under the prerequisites of the UCCJA. Therefore, the Kent County Circuit Court would not now have jurisdiction to modify the Arizona judgment. Plaintiff must seek relief in the Arizona court.

Affirmed.