BULL v BULL

Docket No. 49951. Submitted May 11, 1981, at Lansing.—Decided September 9, 1981.

Plaintiff, Coates P. Bull, and defendant, Janelle D. Bull, residents of Georgia, were divorced pursuant to a judgment and decree in the Superior Court of Cobb County, Georgia. Pursuant to the judgment, defendant was given custody of the parties' minor child and plaintiff was given reasonable visitation rights, including two weeks with the child each summer. The Georgia court subsequently ordered defendant to surrender the child to plaintiff for a one-week visitation period as required by the divorce judgment. Following the hearing on the visitation issue, neither defendant nor the child could be located. At subsequent hearings, plaintiff was granted custody of the child and defendant was held in contempt for refusal to honor plaintiff's visitation rights and for failure to obey the change of custody order. These rulings were later affirmed by the Georgia Supreme Court. Defendant and the child moved to Michigan. Subsequently, plaintiff filed a civil complaint in Oakland Circuit Court, seeking a writ of habeas corpus and return of the child based on the Georgia decree. Defendant filed an answer and "counter-complaint" that requested the Michigan court to assert jurisdiction under the Uniform Child Custody Jurisdiction Act. Initially, the Oakland Circuit Court, Alice L. Gilbert, J., refused to exercise jurisdiction. Thereafter, plaintiff filed an amended complaint seeking a writ of habeas corpus and enforcement of the custody order issued by the Georgia court. The defendant filed an answer and an amended counter-complaint alleging that there had been a significant change of circumstances since the Georgia court granted custody to the plaintiff and that she and the child had established sufficient contacts with Michigan to allow Michigan to assert jurisdiction in the

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 795, 810, 811.
  59 Am Jur 2d, Parent and Child § 25.
[2] 24 Am Jur 2d, Divorce and Separation §§ 810, 811, 998 et seq.
[3-6, 8] 24 Am Jur 2d, Divorce and Separation §§ 999-1001.
[7] 4 Am Jur 2d, Appeal and Error §§ 368, 371.

matter. Judge Gilbert found that the defendant and the child had established a significant connection with Michigan and exercised jurisdiction to rule on the custody issue. The plaintiff's petition for writ of habeas corpus, petition for immediate enforcement and motion for accelerated judgment were denied with prejudice. The court found that the best interests of the child required that the Michigan court exercise jurisdiction despite the defendant's misconduct in moving to Michigan. Plaintiff appealed. *Held:*

The trial court was not required to recognize and enforce the Georgia decree because Georgia's court order modifying its prior custody decree was not entered under circumstances comporting with the Uniform Child Custody Jurisdiction Act (UCCJA). The Georgia court's order was based on the defendant's denial of the plaintiff's visitation rights without any consideration for the best interests of the child. The trial court erred in allowing the defendant to submit an amended counter-complaint alleging jurisdictional facts which had developed during the pendency of the proceedings and in requiring the plaintiff to amend his complaint requesting a writ of habeas corpus because the Georgia court's order awarding custody had been stayed pending appeal. A supersedeas has the effect of suspending the power of a court to enforce a judgment or decree that is appealed. The trial court's decision to address the defendant's counter-complaint despite the pendency of the appellate proceedings in Georgia was not error. The defendant alleged that the child would be mistreated if the plaintiff were awarded custody. Since the Georgia custody order was not issued in conformity with the applicable UCCJA provisions and the complaint alleged an emergency situation the trial court's exercise of jurisdiction was correct.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY — STATUTES.

    Enforcement by the courts of Michigan of a child custody decree from another state is mandatory in a child custody dispute where the state in which the decree was rendered (1) has adopted the Uniform Child Custody Jurisdiction Act, or (2) has statutory jurisdictional requirements substantially like the act or (3) would have had jurisdiction under the facts of the case if the act had been the law in the state (MCL 600.663; MSA 27A.663).

2. PARENT AND CHILD — CHILD CUSTODY.

    The courts of Michigan are not required to enforce a child

custody order of another state merely because the Supreme Court of that state affirmed the determination of custody.

3. PARENT AND CHILD — CHILD CUSTODY — STATUTES.

A Michigan court, when dealing with the modification of a child custody decree of another state, must meet two preliminary requirements, (1) the court which rendered the decree either presently does not have jurisdiction or that court declines to exercise jurisdiction, and (2) the Michigan court has jurisdiction (MCL 600.664[1]; MSA 27A.664[1]).

4. PARENT AND CHILD — CHILD CUSTODY — STATUTES.

The prerequisites for a court of this state to have jurisdiction to decide a custody dispute are (1) that this state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state or (2) it is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents or the child and at least one contestant have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships (MCL 600.653[1][a], [b]; MSA 27A.653[1][a], [b]).

5. PARENT AND CHILD — CHILD CUSTODY.

Jurisdiction by a Michigan court of a child custody matter is not precluded by the misconduct of one of the parties by violating a child custody order of a court in another state where the best interests of the child require the Michigan court to accept jurisdiction.

6. PARENT AND CHILD — CHILD CUSTODY — JURISDICTION.

Jurisdictional requirements of a Michigan court in a child custody matter must exist at the commencement of the proceedings.

7. APPEAL — SUPERSEDEAS.

A supersedeas has the effect of suspending the power of a court to enforce a judgment or decree that is appealed.

8. JURISDICTION — CHILD CUSTODY — UNIFORM CHILD CUSTODY JURISDICTION ACT.

A court of this state is precluded from exercising jurisdiction in a

child custody dispute where a proceeding concerning the custody of the child is pending in a court of another state exercising jurisdiction substantially in conformity with the Uniform Child Custody Jurisdiction Act unless action by a court of this state is necessary because the child has been subjected to or threatened with abuse or neglect or because the proceeding in the foreign state has been stayed to allow this state's court to exercise jurisdiction; "pending" includes the situation where the foreign court's custody determination is on appeal (MCL 600.656; MSA 27A.656).

*Robert K. McKenzie, Jr.,* for plaintiff.

Before: R. M. MAHER, P.J., and ALLEN and CYNAR, JJ.

CYNAR, J. Plaintiff appeals as of right from a final judgment of May 5, 1980, exercising jurisdiction in the State of Michigan for purposes of ruling on a child custody question. We affirm the judgment of the circuit court.

The parties were married on January 2, 1977. A daughter, Liesl Tryon Bull, was born on February 18, 1977. At the time of the marriage, both parties were residents of Georgia. On October 20, 1977, defendant filed an action for divorce in the Superior Court of Cobb County, Georgia. On June 15, 1978, the Georgia court issued a final judgment and decree, which awarded defendant custody of the child and gave plaintiff reasonable visitation rights including two weeks with the child each summer. See *Bull v Bull,* 243 Ga 72; 252 SE2d 494 (1979).

On June 20, 1978, defendant filed a motion to modify the divorce judgment to allow plaintiff to visit the child only in defendant's home. At the hearing on the motion held on August 3, 1978, the Georgia superior court ordered defendant to surrender the child to plaintiff for a one-week visitation period as required by the judgment. Following

the hearing, however, neither defendant nor the child could be located. Plaintiff then filed a motion to change custody. This motion was granted at an August 11, 1978, hearing at which defendant was represented by counsel. On the same date but prior to the August 11, 1978, hearing, defendant left the state. On August 23, 1978, defendant was held in contempt for refusal to honor plaintiff's visitation rights and for failure to obey the order of August 11, 1978, changing custody. Defendant's counsel appealed these rulings, which were affirmed by the Georgia Supreme Court on February 6, 1979.

Defendant and the child moved to Michigan on September 7, 1978. In the meantime, plaintiff filed a complaint in the Cobb County District Attorney's office charging defendant with "felonious interference with custody". An extradition warrant was issued and served on defendant in Michigan on November 3, 1978.

On November 6, 1978, plaintiff filed a civil complaint in the Oakland County Circuit Court, seeking a writ of habeas corpus and return of the child based on the Georgia decree. Defendant filed an answer and a "counter-complaint" on December 14, 1978. In her counter-complaint, defendant requested that the Michigan court exercise jurisdiction under the Uniform Child Custody Jurisdiction Act and make a determination as to which party should have custody.

Following hearings in the Oakland County Circuit Court, the trial court initially refused to exercise jurisdiction. In reaching this decision, the court found that when defendant filed her counter-complaint there were insufficient contacts with the State of Michigan to establish it as the home state of the child. The court also found that no emer-

gency situation existed which would prevent the court from returning the child to Georgia. However, the court also found that when plaintiff filed his complaint for a writ of habeas corpus, the Cobb County Superior Court's order granting him custody of the parties' child had been stayed by the Supreme Court of Georgia. Accordingly, the Oakland County Circuit Court held that plaintiff's complaint was invalid as filed and would have to be amended before it would entertain a request to enforce the Georgia decree. This decision was apparently rendered from the bench on September 5, 1979, but the written order and opinion were not filed until October 11, 1979.

On September 18, 1979, plaintiff filed an amended complaint seeking a writ of habeas corpus and enforcement of the custody order issued by the Georgia superior court. In reply, defendant filed an answer and an "amended counter-complaint" on October 3, 1979. In defendant's amended counter-complaint, she alleged that there had been a significant change of circumstances since the Georgia superior court issued its order granting plaintiff custody of the child and asserted that she and the child had established sufficient contacts with Michigan to allow Michigan to assert jurisdiction in the matter. Plaintiff filed a motion for accelerated judgment based on the trial court's earlier decision.

Following a hearing held on November 14, 1979, the trial court found that defendant and the child had established a significant connection with this state and exercised jurisdiction to rule on the custody question under MCL 600.653; MSA 27A.653. The court stated in pertinent part:

"The Court finds that the child has been living with the mother consistently since her birth, and the Court

can determine that the mother has been in the State of Michigan for over one year; that the mother is employed in the State of Michigan; that the mother has the remainder of her immediate family living with her in the State of Michigan; that she has signed a lease on a residential home for the ensuing year; all of which go for her intention to make Michigan her home state.

"The Court finds that the mother does have at this time a significant connection with this State, and there is available in this State substantial evidence concerning the child's present, past, future care, protection, training and personal relationships.

"Therefore, this Court will take jurisdiction in this matter to determine custody."

Pursuant to the trial court's ruling at the November 14, 1979, hearing, the trial court on February 6, 1980, entered an order exercising jurisdiction pursuant to MCL 600.653; MSA 27A.653 as requested by defendant in her October 3, 1979, amended counter-complaint for custody of the parties' minor child. The court found that Janelle Dillon Bull, at that time, had a significant connection with this state and there was available in the state substantial evidence concerning the child's past, present, future care, protection, training, and personal relationships. Further, the plaintiff's petition for writ of habeas corpus, petition for immediate enforcement and motion for accelerated judgment were denied with prejudice. On motion of the plaintiff, the order of February 6, 1980, was entered as a final judgment on May 5, 1980.

Plaintiff contends that the Oakland County Circuit Court was required, under MCL 600.663; MSA 27A.663 of the Uniform Child Custody Jurisdiction Act (hereafter UCCJA), to enforce the Georgia court's order of August 11, 1978, modifying the parties' divorce judgment. This section provides:

"Sec. 663. The courts of this state shall recognize and
enforce an initial or modification decree or judgment of
a court of another state which had assumed jurisdiction
under statutory provisions substantially in accordance
with sections 651 to 673 or which was made under
factual circumstances meeting the jurisdictional stan-
dards of sections 651 to 673 as long as this decree or
judgment has not been modified in accordance with
jurisdictional standards substantially similar to those of
sections 651 to 673."

Under section 663, enforcement of a custody
decree from another state is mandatory if the
state in which the decree was rendered (1) has
adopted the act, or (2) has statutory jurisdictional
requirements substantially like the act, or (3)
would have had jurisdiction under the facts of the
case if the act had been the law in the state. See 9
Uniform Child Custody Jurisdiction Act (ULA),
§ 13, Commissioner's Note, p 151.

Since Georgia did not adopt UCCJA until Janu-
ary 1, 1979, the act was not in effect on August 11,
1978, when the Cobb County Superior Court modi-
fied its decree. It must therefore be determined
whether the Georgia court exercised jurisdiction
under factual circumstances meeting the jurisdic-
tional standards of §§ 651 to 673 of UCCJA. The
Oakland County Circuit Court was not required to
recognize and enforce the Georgia decree because
Georgia's court order modifying its prior custody
decree was not entered under circumstances com-
porting with this act.

Since both parties and the child were domiciled
in Georgia more than six months prior to the
entry of the modification order, Georgia was the
child's "home state". MCL 600.652(e); MSA
27A.652(e). Georgia therefore had general jurisdic-
tion to modify its earlier custody decree. Defen-

dant did receive sufficient notice of the proceedings, as required by MCL 600.654; MSA 27A.654. The Oakland County Circuit Court found that defendant had constructive notice of the August 11, 1978, hearing and did appear through counsel. Additionally, § 654 also requires that a contestant be afforded a reasonable opportunity to be heard before a court enters a decree or judgment in a custody proceeding. The change of custody hearing in Georgia was not a meaningful proceeding in making a determination concerning the best interests of the child. The Georgia court's order was based on defendant's denial of plaintiff's visitation rights without any evidence being taken concerning the best interests of the child. The fact that the superior court's order was affirmed by the Georgia Supreme Court would not require enforcement. See *Berlin v Berlin*, 21 NY2d 371; 235 NE2d 109; 288 NYS2d 44 (1967). To the extent that the Oakland County Circuit Court determined in the October 11, 1979, order that Michigan must recognize and enforce the Georgia decree, it was in error.

When dealing with the modification of a child custody decree of another state, a court of this state must consider the provisions of MCL 600.664(1); MSA 27A.664(1). This section provides:

"(1) If a court of another state has made a custody decree or judgment, a court of this state shall not modify that decree or judgment unless it appears to the court of this state that the court which rendered the decree or judgment does not *now* have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 651 to 673 *or has* declined to assume jurisdiction to modify the decree or judgment and the court of this state has jurisdiction." (Emphasis added.)

Thus, two requirements under § 664(1) must be met before a Michigan court can modify a custody decree from another state. First, the court which rendered the decree either does not now have jurisdiction under the jurisdictional prerequisites of MCL 600.653(1); MSA 27A.653(1), or that court declines to exercise jurisdiction. Second, the Michigan court has jurisdiction. *Brown v Brown,* 104 Mich App 621; 305 NW2d 272 (1981).

In determining whether the Georgia court that rendered the decree had jurisdiction under UCCJA, the clause "does not now have jurisdiction" used in § 664(1) refers to the time when the petition to set aside or modify the custody decree is filed in Michigan. See 9 Uniform Child Custody Jurisdiction Act (ULA), § 14, Commissioner's Note, p 154. Accordingly, in the instant case, December 14, 1978, the date on which defendant filed her original "counter-complaint" requesting the Michigan court to exercise jurisdiction and determine custody, would be the controlling date.

The prerequisites for jurisdiction to decide a custody dispute are enumerated in § 653(1) of the act and are stated in pertinent part as follows:

"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree or judgment if any of the following exist:

"(a) This state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and

his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships." MCL 600.653(1)(a), (b); MSA 27A.653(1)(a), (b).

"Home state" is defined under MCL 600.652(e); MSA 27A.652(e) as follows:

"(e) 'Home state' means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least 6 consecutive months, and in the case of a child less than 6 months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of the named persons are counted as part of the 6-month or other period."

On December 14, 1978, defendant had been living in this state approximately three months and had been away from Georgia for approximately four months. Georgia was the child's home state under §§ 653(1)(a) and 652(e) at the time the proceedings were commenced in Oakland County Circuit Court. Therefore, on the date defendant filed her counter-complaint, Georgia still had jurisdiction to decide the custody dispute. There is no indication that the Georgia court declined to exercise jurisdiction after proceedings were commenced in Michigan. On the contrary, the record indicates that after the Georgia Supreme Court affirmed the superior court's order on February 6, 1979, the superior court issued an order requiring defendant to appear and show cause why the child should not be turned over to plaintiff.

The Oakland County Circuit Court held that it could not entertain plaintiff's complaint and request for a writ of habeas corpus seeking return of

the minor child because at the time the complaint was filed the order granting plaintiff custody had been stayed by supersedeas under Georgia statutes. The Oakland County Circuit Court held that plaintiff's initial petition was invalid and would have to be amended before it would entertain any request for the enforcement of the Georgia custody order. Plaintiff filed an amended complaint on September 18, 1979, in which he alleged that on February 6, 1979, the Supreme Court of Georgia affirmed the superior court's order awarding him custody. Defendant filed an amended counter-complaint on October 3, 1979. A hearing was held and the Oakland County Circuit Court, in considering the question of jurisdiction, noted that defendant (1) had been in Michigan with the child for over a year, (2) had obtained employment in Michigan, (3) had the remainder of her immediate family (*i.e.,* her children from previous marriages) living with her in Michigan, and (4) had executed a one-year lease on a house. The court concluded that Michigan could exercise jurisdiction under subsections 653(1)(a) and (b) of the act. Further, the court recognized that defendant left the State of Georgia and retained physical custody of the child in contravention of the Georgia court's order changing custody. Thus, under MCL 600.658(2); MSA 27A.658(2), the Michigan court had discretion to refuse jurisdiction. Section 658(2) provides:

"2. Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree or judgment of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated another provision of a custody

decree or judgment of another state, the court may decline to exercise its jurisdiction if this is just and proper under the circumstances."

The Oakland County Circuit Court found that the best interests of the child required that the Michigan court exercise jurisdiction despite defendant's misconduct. Therefore, jurisdiction was not precluded by defendant's misconduct. See *Brown v Brown, supra, Green v Green,* 87 Mich App 706; 276 NW2d 472 (1978).

In the October 11, 1979, opinion, the court determined that defendant did not have sufficient connection with Michigan to allow the court to exercise jurisdiction when she filed her counter-complaint in December, 1978. It was only after the parties amended their pleadings that the court considered the child's significant connection with this state that had developed during the pendency of the proceedings. The court erred in so considering connections that evolved during such time period. This conclusion is reached for two reasons. First, under the court's order of October 11, 1979, plaintiff was required to amend his initial pleadings, apparently to allege that the Georgia Supreme Court had affirmed the superior court's order awarding him custody. An amended pleading to allege additional facts is allowed under GCR 1963, 118.1. Under GCR 1963, 118.3, however, such amendment would relate back to the date the original pleading was filed. It is submitted that the period on which the court must focus to determine jurisdiction under UCCJA would still remain the date on which defendant filed her original counter-complaint. This is supported by the terms of the custody act (§ 653[1][a]) and the Commissioner's Commentary, 9 Uniform Child Custody Jurisdiction Act (ULA), § 13, p 151. See also *In re Sagan,*

261 Pa Super 384; 396 A2d 450 (1978). There is nothing in the act which would indicate that jurisdictional requirements may be established during the pendency, as opposed to the commencement, of the proceedings. Therefore, the lower court erred in allowing defendant to submit an amended counter-complaint alleging jurisdictional facts which had developed during the pendency of the proceedings. Secondly, the court erred in requiring plaintiff to amend his complaint requesting a writ of habeas corpus because the order awarding custody had been stayed pending appeal. A supersedeas has the effect of suspending the power of a court to enforce a judgment or decree that is appealed. 4 Am Jur 2d, Appeal and Error, § 364, p 839. However, when the Georgia Supreme Court affirmed the order awarding custody on February 6, 1979, there was no impediment to the judgment's enforcement. Therefore, the August 11, 1978, Georgia court order was in full force and effect at the time the Michigan court issued its order of October 11, 1979, and there was no need for amendment. Accordingly, assuming the validity of the August 11, 1978, Georgia decree, the Michigan court would not have had jurisdiction to make a child custody determination on the basis stated in its opinion.

Plaintiff further asserts that the Oakland County Circuit Court was precluded from exercising jurisdiction because a proceeding concerning custody of the child was pending in Georgia at the time defendant filed her counter-complaint.

MCL 600.656; MSA 27A.656 provides in pertinent part:

"Sec. 656. (1) A court of this state shall not exercise its jurisdiction under sections 651 to 673 *if at the time of filing the petition a proceeding concerning the cus-*

*tody* of the child is pending in a court of another state exercising jurisdiction substantially in conformity with sections 651 to 673, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons or unless temporary action by a court of this state is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent." (Emphasis added.)

Even assuming the validity of the August 11, 1978, Georgia decree, it is our opinion that the Oakland County Circuit Court did not err when it did not immediately defer the matter to the Georgia court under § 656(1). An appeal was pending in Georgia when defendant filed her first countercomplaint. In this pleading, defendant specifically informed the court that the August 11, 1978, custody order was currently on appeal to the Georgia Supreme Court. It has been held under § 656 of UCCJA that the term "pending" includes the situation where the foreign court's custody determination has been appealed by one of the contestants. See *In re Custody of Rector,* 39 Colo App 111; 565 P2d 950 (1977). In Michigan, a case is deemed "pending" until final determination on appeal. See *Ford Motor Co v Jackson,* 47 Mich App 700, 702; 209 NW2d 794 (1973). Accordingly, the case was still pending in Georgia at the time defendant filed her pleading and, as a general rule, the Oakland County Circuit Court therefore would be precluded from intervening in the matter. However, exceptions to this rule exist where the rendering court failed to exercise jurisdiction in conformity with UCCJA or where temporary action by a Michigan court would be necessary in an emergency to protect the child because the child had been subjected to or threatened with mistreat-

ment. Both of these exceptions apply here. Defendant's first counter-complaint alleged that plaintiff had abused her and threatened to take the child out of the country. Defendant requested, *inter alia,* that the court stay enforcement of the Georgia custody order because of the danger to the minor child. Testimony was taken at the hearing held on January 18, 1979 regarding plaintiff's alleged mistreatment of the child. Further, the entire basis of the Georgia change of custody determination was the defendant's denial of plaintiff's visitation rights without any consideration of what was in the best interests of the child. Such a procedure would not be in conformity with the requirements of UCCJA.

The trial court's decision to address defendant's counter-complaint despite the pendency of the appellate proceedings in Georgia was not error. Defendant raised objections to the propriety of the Georgia proceeding and also indicated that the child would be mistreated if plaintiff were awarded custody. Therefore, the lower court's intervention was not improper under § 656(1).

Additionally, since the Georgia custody order was not issued in conformity with the applicable UCCJA provisions, the Oakland County Circuit Court was not required to enforce the amended custody order. Therefore, although the Oakland County Circuit Court accepted jurisdiction for the wrong reason, the result was correct and is affirmed on appeal.

Affirmed.