DEAN v DEAN

Docket No. 72364. Submitted December 14, 1983, at Detroit.—Decided
    March 22, 1984.

> Barbara Ann Dean and Gary J. Dean were married in Wayne
> County, Michigan, in 1977. The two children of that marriage
> were born in Wayne County. In June, 1980, Gary moved to
> Texas. Barbara and the children joined Gary in Texas in
> September, 1980. In February, 1981, Barbara and the children
> returned to Michigan, where they remained until June, 1982,
> when Barbara took the children to Texas for visitation with
> Gary. In July, 1982, Gary filed a complaint for divorce in
> Texas. In February, 1983, prior to any action by the Texas
> court on Gary's divorce complaint, Barbara, without Gary's
> consent, removed the children from Texas and returned them
> to Michigan. On March 1, 1983, Barbara filed in Wayne Circuit
> Court a complaint for divorce and a petition for child custody.
> On that same date, the Wayne Circuit Court, Thomas J. Bren-
> nan, J., issued an ex parte order awarding temporary custody
> of the children to Barbara. On May 6, 1983, the Texas court
> issued a divorce decree and granted custody of the children to
> Gary. Gary attempted unsuccessfully to take physical custody
> of the children. Gary appeared specially in Wayne Circuit
> Court and moved for accelerated judgment based on the Texas
> decree. The trial court granted Gary's motion and issued an
> order giving custody of the children to Gary. Barbara appeals.
> Held:
>
> 1. The question of whether a Michigan court may exercise
> jurisdiction in the child custody matter is governed by the
> provisions of the Uniform Child Custody Jurisdiction Act.
> Where the question of child custody is pending in the court of
> another state, a Michigan court may not exercise jurisdiction,
> except in an emergency situation or where the court of the

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 42 Am Jur 2d, Infants §§ 33, 40, 56, 57.

[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 1144, 1145, 1147.
    Validity, construction, and application of Uniform Child Custody
    Jurisdiction Act. 96 ALR3d 968.

[2, 3] 24 Am Jur 2d, Divorce and Separation § 1004.

other state has stayed its proceedings, if the other state has child custody proceedings substantially similar to those of the Uniform Child Custody Jurisdiction Act.

2. Texas has not adopted the Uniform Child Custody Jurisdiction Act and the Texas proceedings are not substantially in conformance with the provisions of the uniform act. The Wayne Circuit Court, accordingly, was not barred from accepting jurisdiction of the child custody matter by reason of the pendency of the Texas action and need not give full faith and credit to the decree ultimately issued by the Texas court.

3. A review of the pleadings establishes that the children's connections with Michigan were more significant than their connections with Texas and that it would be in the best interests of the children to have the question of their custody adjudicated by the Michigan court. The Wayne Circuit Court, accordingly, erred by granting defendant's motion for accelerated judgment.

4. While the order of the trial court has resulted in the children having been in the custody of defendant in Texas for the past eight months, Michigan continues to be the proper forum for the determination of custody of the children.

Reversed and remanded for further proceedings.

1. PARENT AND CHILD — CHILD CUSTODY — UNIFORM CHILD CUSTODY JURISDICTION ACT.

The state of Texas has not adopted the Uniform Child Custody Jurisdiction Act and its child custody proceedings are not in substantial conformance with the provisions of the Uniform Child Custody Jurisdiction Act; thus the pendency of child custody proceedings in Texas does not bar a Michigan circuit court from taking jurisdiction in a child custody matter, and a Michigan circuit court is not bound to give full faith and credit to any determination by a Texas court relative to the question of child custody which might be entered after child custody proceedings have been commenced in Michigan (MCL 600.656[1]; MSA 27A.656[1]).

2. PARENT AND CHILD — CHILD CUSTODY — UNIFORM CHILD CUSTODY JURISDICTION ACT — BEST INTERESTS OF CHILD.

A Michigan circuit court may properly exercise jurisdiction in a child custody matter pursuant to the best interest of the child provision of the Uniform Child Custody Jurisdiction Act where the parents of a child were married in Michigan, the child was born in Michigan and has lived almost continuously in Michigan, the child's grandparents and other close relatives live in

Michigan, and one of the child's parents is, and at all relevant times has been, a Michigan resident and has maintained significant contacts in Michigan (MCL 600.653[1][b]; MSA 27A.653[1][b]).

3. PARENT AND CHILD — CHILD CUSTODY — JURISDICTION — PARENTAL MISCONDUCT.

    Jurisdiction by a Michigan court of a child custody matter is not precluded where the parent who is a Michigan resident returns the child who is the subject of the litigation from another state without the consent of the parent living in that state and refuses to abide by a subsequent custody order of the other state where, given the totality of the situation, it is determined that the State of Michigan is the proper forum for determining the child custody matter (MCL 600.651, 600.658; MSA 27A.651, 27A.658).

*Sidney Fershtman,* for plaintiff.

*Richard R. Nelson,* for defendant.

Before: DANHOF, C.J., and ALLEN and M. E. DODGE,* JJ.

PER CURIAM. Plaintiff, Barbara Ann Dean, appeals as of right the trial court's dismissal of her complaint for divorce from defendant, Gary J. Dean, and her petition for custody of the parties' two minor children. Plaintiff and defendant were married in Wayne County, Michigan, on June 23, 1977. Two children were born of the marriage in that county. In June, 1980, defendant left Michigan and went to Texas seeking employment. He was joined by plaintiff and their children in September, 1980. In February, 1981, plaintiff and the children returned to Michigan, where they remained until June, 1982, at which time plaintiff took the children to Texas for visitation with defendant. Plaintiff returned to Michigan and in July, 1982, defendant filed a complaint for divorce

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in Texas. Plaintiff alleges that defendant wrongfully retained the children beyond the agreed upon visitation period until February, 1983, at which time she removed the children from defendant's care and returned with them to Michigan.

On March 1, 1983, plaintiff filed the instant complaint for divorce and petition for custody in the Wayne County Circuit Court. On that date, the court issued an *ex parte* order awarding plaintiff temporary custody of the children. On May 6, 1983, the Texas court issued a divorce decree and granted custody of the children to defendant. Defendant returned to Michigan and attempted unsuccessfully to take physical custody of the children. On June 23, 1983, defendant appeared specially in the Wayne County Circuit Court and moved for an accelerated judgment of plaintiff's complaint based on the Texas decree. The trial court granted defendant's motion and issued an order giving defendant custody of the children.

Plaintiff argues on appeal that the trial court erred by granting defendant's motion for accelerated judgment and dismissing her complaint for divorce. She contends on appeal that the trial court had jurisdiction to modify the custody judgment of the Texas court.

At the time plaintiff filed her complaint for divorce in Michigan and sought custody of the minor children of the parties, defendant's suit for divorce was pending in the State of Texas. Defendant's complaint also sought custody of the two children. For purposes of determining jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), MCL 600.651 *et seq.;* MSA 27A.651 *et seq.,* we look to the dates of the filings of the complaints. *Bull v Bull,* 109 Mich App 328, 340-341; 311 NW2d 768 (1981).

Section 656 of the UCCJA, MCL 600.656; MSA 27A.656, provides in pertinent part:

"(1) A court of this state shall not exercise its jurisdiction under sections 651 to 673 if at the time of filing the petition a proceeding concerning the custody of the child is pending in a court of another state exercising jurisdiction substantially in conformity with sections 651 to 673, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons or unless temporary action by a court of this state is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent."

Texas has not adopted the UCCJA and the parties here do not allege that the Texas action was stayed, or that an emergency situation existed. Under § 656, then, the Michigan circuit court could only exercise jurisdiction in this case if the custody proceedings in the Texas court were not substantially in conformance with §§ 651 to 673 of the UCCJA. We hold that the Texas proceedings were not substantially in conformance with the UCCJA and thus the pendency of the Texas proceedings did not operate as a bar to jurisdiction in the Michigan circuit court.

At the time the Texas divorce and custody proceedings were initiated by defendant, the children had been present in that state for no more than one month. They were brought to Texas by plaintiff on June 28, 1982, and defendant filed his action in July, 1982. At the time defendant's petition was filed in Texas, Texas was not the home state of the children, the children did not have significant connections with that state and no emergency existed. Thus, Texas did not have jurisdiction to decide the custody of the children under

MCL 600.653; MSA 27A.653. Since we find that Texas did not have jurisdiction to determine the custody of the children, the circuit court below was not bound to give full faith and credit to that court's determination. MCL 600.664; MSA 27A.664, cited by both parties, is inapplicable because the Texas court had not made a custody determination at the time plaintiff filed her petition and because Texas was without jurisdiction to determine the matter under the UCCJA.

The remaining question is whether the State of Michigan had jurisdiction to decide the question of custody at the time the plaintiff filed her complaint. MCL 600.653(1); MSA 27A.653(1) provides that a court of this state has jurisdiction to decide a child custody matter if any of the following exist:

"(a) This state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as a parent continues to live in this state.

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

"(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.

"(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (a), (b), or (c) or another state has

declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child and it is in the best interest of the child that this court assume jurisdiction."

We find § 653(1)(b) to be applicable in the present case. Plaintiff and defendant were married in Wayne County, Michigan, and both of the minor children were born in that county. Plaintiff alleges that both sets of grandparents, as well as aunts and uncles of the children, live in Michigan. It is undisputed that the children, ages 5 and 4 at the time of the filing of plaintiff's petition, had lived in Michigan continuously since birth except for the five month period spent in Texas with plaintiff and defendant, from September, 1980, to February, 1981, and the eight month period they lived with defendant in Texas from June, 1982, to February, 1983. Under these facts, we find that the children's connections with Michigan were far more significant than their connections with the State of Texas. Plaintiff has been a resident of Michigan and has maintained significant contacts in this state at all times relevant to this action.

Defendant raises § 658, MCL 600.658; MSA 27A.658, and contends that this section barred the Michigan court from accepting jurisdiction of this custody dispute. Section 658 provides in pertinent part:

"(1) If the petitioner for an initial decree or judgment has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may decline to exercise jurisdiction if this is just and proper under the circumstances.

"(2) Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree or judgment of another state if the petitioner, without consent of the person entitled to

custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated another provision of a custody decree or judgment of another state, the court may decline to exercise its jurisdiction if this is just and proper under the circumstances."

The parties agree that in February, 1983, plaintiff removed the children from the State of Texas without defendant's consent and returned with them to Michigan. At the time plaintiff removed the children, defendant had filed a petition for divorce in Texas, but no custody determination had been made. After the Texas court determined that defendant should have custody of the two children, plaintiff refused to return them. While these facts could support a declination of jurisdiction by the Michigan court, not all wrongful action cognizable under § 658 requires that jurisdiction be declined. See *Bull, supra; Brown v Brown,* 104 Mich App 621; 305 NW2d 272 (1981); *Green v Green,* 87 Mich App 706; 276 NW2d 472 (1978).

We believe that the totality of the situation and the best interest of the children indicate that jurisdiction should not have been declined under this section of the UCCJA. The facts here indicate that the children had much stronger connections with this state than they had with Texas. Michigan was clearly a more appropriate forum for the determination of custody than was Texas. One of the expressed purposes of the UCCJA is to:

"(c) Assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most read-

ily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state." MCL 600.651; MSA 27A.651.

As previously noted by this Court:

"In the final analysis the court should not decline jurisdiction under the clean hands principle to punish the parent at the expense of the child. * * * Professor Leonard Ratner emphasizes that '[t]he welfare of the child is the first consideration in determining its custody', and *[t]his determination should, whenever feasible, be made by the court most likely to decide correctly, i.e., by the court having maximum access to the relevant evidence'.* (Emphasis in original.)" (Citations omitted.) *Green, supra,* p 714.

We thus find that § 658 is not a bar to the exercise of jurisdiction by the Michigan court.

Having determined that the trial court erred by declining jurisdiction over the instant case, we are now faced with a difficult decision. Pursuant to the lower court's declination of jurisdiction and order enforcing the Texas custody decree, the children have been living with the defendant in the State of Texas for the past eight months. When faced with a similar situation in *Brown, supra,* p 628, this Court found that it would be an "exercise in futility" to reverse and remand to the Michigan circuit court. While we recognize the difficulties inherent in a remand to the circuit court here, we take such action, finding it to be in the best interest of the children. The facts of *Brown* are distinguishable from the present case. In *Brown,* while there were sufficient contacts with the State of Michigan for the circuit court to exercise its jurisdiction, there was not the disparity in the relationship of the parties to the two states which

is present here. In *Brown,* the parties lived together with the child in Arizona for a substantial period of time. Here the parties and the children lived as a family in Texas for only five months. The children have spent a total of an additional 16 months living with their father in Texas. Clearly, the vast majority of their lives have been spent in Michigan, where nearly all of both the paternal and maternal relatives reside. Although neither Michigan nor Texas will be convenient to both plaintiff and defendant, we believe that the strength of the contacts in Michigan makes this state the most appropriate forum for a determination of custody.

We therefore reverse and remand this case to the Wayne County Circuit Court for proceedings consistent with this opinion. No costs, a question of statutory interpretation being involved.