*In re* DANKE

Docket No. 104324. Submitted April 7, 1988, at Detroit. Decided June 20, 1988.

In March, 1986, Michael Danke, Jr., then not quite five years old, came to live in Michigan with his grandfather, Albert Danke. The move to Michigan was with the consent of the boy's parents, Michael Danke, Sr., and Tammy Danke, California residents. In May, 1987, Michael Danke, Sr., filed for divorce in California, averring that the child resided with him in California. On August 4, 1987, the California court granted the petition for divorce and ordered that custody of the child be placed in his father for one year beginning September, 1987, and in his mother the following year. When enforcement of the California custody order was sought, Albert Danke filed a petition in Macomb Circuit Court, requesting that the court take jurisdiction under the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA) and order that custody of the child be placed in him. Michael Danke, Sr., opposed the petition. The circuit court, Michael D. Schwartz, J., concluded that it did "not have jurisdiction due to the fact that California does have jurisdiction because of the parties being there" and dismissed the petition. Petitioner appealed.

The Court of Appeals *held:*

Under the UCCJA, Michigan would be considered to be the home state of the child, since the child had been residing in this state for seventeen months on the date of the filing of the petition with the Michigan court and such residence with petitioner in this state had been with the consent of the parents of the child. Accordingly, it is Michigan rather than California which had the prerequisites necessary to assume jurisdiction over the child. The Michigan court should have assumed jurisdiction and determined whether a modification of the California child custody decree was in the best interest of the child.

Reversed.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 963 *et seq.,* 1145.

Validity, construction, and application of Uniform Child Custody Jurisdiction Act. 96 ALR3d 968.

PARENT AND CHILD — CHILD CUSTODY — UNIFORM CHILD CUSTODY
    JURISDICTION ACT.

A Michigan circuit court has jurisdiction under the provisions of
    the Uniform Child Custody Jurisdiction Act to modify a child
    custody decree contained in a California divorce judgment
    where, on the date the petition to modify was filed with the
    Michigan court, the child in question had been residing in
    Michigan in the care of a grandparent with the consent of the
    child's parents for the prior seventeen months, since under
    such circumstances Michigan rather than California would
    properly be considered the child's home state and the grandpar-
    ent would be a person acting as a parent (MCL 600.652,
    600.653, 600.664; MSA 27A.652, 27A.653, 27A.664).

*Marco A. Santia,* for petitioner.

*Daniel T. Stepek,* for Michael Danke, Sr.

*Jerald R. Lovell,* of Counsel, for respondent.

Before: J. H. GILLIS, P.J., and WAHLS and DOCTO-
ROFF, JJ.

WAHLS, J. Albert Danke appeals as of right from
an October 19, 1987, order of the Macomb Circuit
Court dismissing his petition for custody of his
grandson, Michael Danke, Jr., filed under the pro-
visions of the Uniform Child Custody Jurisdiction
Act (UCCJA), MCL 600.651 *et seq.*; MSA 27A.651 *et
seq.* At a hearing regarding the petition conducted
on September 28, 1987, the court stated that the
issue presented was whether, despite a custody
order issued by a California court in the context of
a divorce proceeding between Michael Danke, Sr.,
and Tammy Danke, the father and mother of
Michael Danke, Jr., a Michigan court had jurisdic-
tion to entertain a petition for custody under the
provisions of the UCCJA. Ultimately, jurisdiction
under the UCCJA was found to be lacking; and,
accordingly, the court dismissed the petition. We
reverse and remand for further proceedings.

The record reveals that the child in this case was born on July 28, 1981, when his father was nineteen years old and his mother was eighteen years old. Apparently, he resided with his parents until March 12, 1986, when, with his parents' consent, he began living in Michigan with petitioner, his paternal grandfather. The child's parents both signed notarized statements giving petitioner permission to obtain medical treatment for their child while in petitioner's care. It was known that the child's feet required medical attention. That attention was procured and paid for by petitioner, who also enrolled the child in a nursery school program and, later, in a local public school.

In May, 1987, Michael Danke, Sr., filed a petition for divorce in the Superior Court of California in Orange County. That petition stated that the parties had separated in February, 1985, and that the parties' child, Michael Danke, Jr., resided with his father in California. On August 4, 1987, the California court granted the petition for divorce and ordered that custody of the child be placed in his father for one year beginning in September, 1987, and in his mother the following year. After the petition for divorce was granted, the child's mother changed her residence from California to Oregon. When enforcement of the California custody order was sought, petitioner commenced the instant proceedings in the Macomb Circuit Court, requesting that that court take jurisdiction of the case under the UCCJA and order that custody of Michael Danke, Jr., be placed in petitioner.[1] On August 31, 1987, the court entered an ex parte order granting petitioner temporary custody of the child until September 28, 1987. The child's parents

---

[1] The fifty states and the District of Columbia have adopted the Uniform Child Custody Jursidiction Act. In California law, the act is codified in Cal Civ Code §§ 5150-5174 (West).

were notified of the hearing scheduled on the petition; and, on September 28, 1987, that hearing was conducted, with arguments being presented by counsel for Albert Danke and by counsel for Michael Danke, Sr. At the hearing the court ruled that the only question before it concerned whether a Michigan court could properly exercise jurisdiction over the custody matter in view of the involvement of the California court. The court concluded that it did "not have jurisdiction due to the fact that California does have jurisdiction because of the parties being there."

Petitioner now appeals, arguing that the circuit court erred by concluding that it lacked jurisdiction to modify the existing custody order of the California court. We agree.

In this case, a Michigan court could not properly modify the California custody order unless it had the jurisdiction to do so under the UCCJA. The provision in the UCCJA concerning the modification of foreign custody decrees or judgments states:

> If a court of another state has made a custody decree or judgment, a court of this state shall not modify that decree or judgment unless it appears to the court of this state that the court which rendered the decree or judgment does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 651 to 673 or has declined to assume jurisdiction to modify the decree or judgment and the court of this state has jurisdiction. [MCL 600.664(1); MSA 27A.664(1).]

There is nothing in the record presented to us to suggest that the California court which issued the August 4, 1987, custody order has declined to assume jurisdiction to modify its decree. Accordingly, if a court of this state is to modify the

foreign custody order, it must be shown that the California court "does not now have jurisdiction under the jurisdictional prerequisites substantially in accordance with sections 651 to 673 . . . *and* [that] the court of this state has jurisdiction." (Emphasis added.) The statutory clause, "does not now have jurisdiction," refers to the time when the petition to modify the foreign order was filed in Michigan. *Bivins v Bivins,* 146 Mich App 223, 231; 379 NW2d 431 (1985); *Bull v Bull,* 109 Mich App 328, 337; 311 NW2d 768 (1981). Thus, we look to whether a California or a Michigan court had jurisdiction in this case under the UCCJA on August 25, 1987, which was the date on which petitioner initiated the instant proceedings in the Macomb Circuit Court.

Whether a court has jurisdiction to decide or modify a child custody matter under the UCCJA depends upon whether the circumstances of the case in question fulfill one of the jurisdiction-conferring provisions in that act. Section 653(1) of the act states that such jurisdiction is conferred if any one of the following criteria is satisfied:

> (a) This state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.
>
> (b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or

future care, protection, training, and personal rela-
tionships.

(c) The child is physically present in this state
and the child has been abandoned or it is neces-
sary in an emergency to protect the child because
the child has been subjected to or threatened with
mistreatment or abuse or is otherwise neglected or
dependent.

(d) It appears that no other state would have
jurisdiction under prerequisites substantially in
accordance with subdivisions (a), (b), or (c) or an-
other state has declined to exercise jurisdiction on
the ground that this state is the more appropriate
forum to determine the custody of the child and it
is in the best interest of the child that this court
assume jurisdiction.

On the date petitioner initiated the present litiga-
tion, none of these criteria could be satisfied such
as would permit a California, and not a Michigan,
court to decide the matter of modifying the child
custody order previously issued by a California
court.

First, under § 653(1)(a), Michigan, not California,
was the home state of Michael Danke, Jr., as of
August 25, 1987. He had resided continuously with
petitioner in Michigan since March 12, 1986—a
period of more than seventeen months prior to the
commencement of the present proceedings. This
lengthy period in which the child resided in Michi-
gan shows that his connection with this state, and
not with California, was significant and considera-
ble. See *Brown v Brown,* 104 Mich App 621, 625-
626; 305 NW2d 272 (1981). The term "home state"
is defined, in pertinent part, as "the state in which
the child immediately preceding the time involved
lived with his or her parents, a parent or a person
acting as parent, for at least 6 consecutive
months," MCL 600.652(e); MSA 27A.652(e). The
term "person acting as parent" is defined, in perti-

nent part, as "a person, other than a parent, who has physical custody of a child and who . . . claims a right to custody," MCL 600.652(i); MSA 27A.652(i). In this case, the child was living in Michigan for at least six consecutive months with his paternal grandfather, who had physical custody of the child and who claims a right to custody. Thus, it is clear that any claim of jurisdiction by the California court with respect to the original child custody order would not be substantially in accordance with the mandate of § 653(1)(a).

Second, under § 653(1)(b), it appears that the child and petitioner, who is a "contestant" in this matter because he "claims a right to custody . . . with respect to [the] child," MCL 600.652(a); MSA 27A.652(a), have a significant connection with Michigan and that there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships. As already noted, the child's seventeen-month presence in Michigan as of the date this case was commenced and, correspondingly, his seventeen-month absence from California strongly suggest that there were maximum contacts with Michigan. See *McDonald v McDonald,* 74 Mich App 119, 126-127; 253 NW2d 678 (1977); *Dean v Dean,* 133 Mich App 220, 226; 348 NW2d 725 (1984). Moreover, the records regarding the child's medical care, particularly the records regarding the care he obtained for problems he had experienced with his feet, as well as the records regarding his attendance in, and progress at, nursery school and elementary school are available in Michigan. Finally, for a lengthy period of time, all of the child's social contacts and relationships were formed in Michigan. Under these circumstances, it is clear to us that the child and petitioner have a much stronger tie to Michigan than

to California. It is thus in Michigan that a court would have optimum access to the relevant evidence concerning the child in this case and his family. *Bivins, supra,* pp 231-233.

Under § 653(1)(c), California would not have jurisdiction because the child is physically present in Michigan and there has been no showing of abandonment, abuse or neglect. Furthermore, under § 653(1)(d) California would not have jurisdiction because, as concluded above, it appears that under subsections (1)(a) and (1)(b) Michigan may properly exercise jurisdiction in this child custody matter.

Our conclusion that the Macomb Circuit Court erred by finding that it was without jurisdiction under the UCCJA to modify the California court's child custody order requires us to remand this case for a full evidentiary hearing. On remand, the circuit court shall determine, first, whether an established custodial environment exists, MCL 722.27(c); MSA 25.312(7)(c); *Breas v Breas,* 149 Mich App 103; 385 NW2d 743 (1986), and, second, whether a change in custody is in the best interests of the child, MCL 722.23; MSA 25.312(3); *Curless v Curless,* 137 Mich App 673, 677-678; 357 NW2d 921 (1984). If an established custodial environment exists, it must be shown by clear and convincing evidence that a change in custody would be in the best interests of the child. *Arndt v Kasem,* 135 Mich App 252, 256-257; 353 NW2d 497 (1984). If an established custodial environment does not exist, it must be shown by a mere preponderance of the evidence that a change in custody would be in the best interests of the child. *Curless, supra,* p 676. In determining the best interests of the child, the court must consider, evaluate and state a conclusion regarding each of the statutory factors enumerated in MCL 722.23; MSA 25.312(3).

Reversed and remanded for proceedings consistent with this opinion.