BREAS v BREAS

Docket No. 85920. Submitted December 5, 1985, at Grand Rapids.—
Decided February 5, 1986.

David A. Breas brought a divorce action in Kent Circuit Court
against his wife, Lisa Breas. Temporary custody of the couple's
son was awarded by the trial court, Robert A. Benson, J., to
defendant even though plaintiff had sought temporary custody
of the child. Nine months later a hearing was held on the
custody question. Following the taking of testimony, the trial
court determined that an established custodial environment did
not exist and that, based on the preponderance of the evidence,
the best interests of the child would be served by awarding
joint legal custody, but giving permanent physical custody to
plaintiff, subject to extensive visitation rights on the part of
defendant. Defendant appealed. *Held:*

1. The record fails to support defendant's assertion that the
trial court, in determining whether there was an established
custodial environment, relied solely on the fact that the origi-
nal custody order was "temporary". The record rather shows
that the trial court properly considered the statutorily man-
dated factors.

2. Since there was evidence that, during the period of time
that the child was in defendant's temporary custody, plaintiff
spent significant amounts of time with the child, that the
environment provided by defendant was not stable or perma-
nent and was marked by tension, and that the child looked to
plaintiff for guidance and discipline, the trial court's finding
that an established custodial environment did not exist cannot
be said to be against the great weight of the evidence.

3. The trial court's determination awarding physical custody

REFERENCES

Am Jur 2d, Divorce and Separation §§ 974-981, 990, 996.
Am Jur 2d, Parent and Child §§ 25, 31, 32, 41.
Primary caretaker role of respective parents as factor in awarding
custody of child. 41 ALR4th 1129.
Right of parent to regain custody of child after temporary condi-
tional relinquishment of custody. 35 ALR4th 61.
Propriety of awarding joint custody of children. 17 ALR4th 1013.
Award of custody of child to parent against whom divorces is
decreed. 23 ALR3d 6.

of the child to plaintiff was not against the great weight of the evidence. The trial court properly considered all of the relevant statutory factors. The trial court committed no error which would allow the Court of Appeals to disrupt the trial court's custody decision.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY ACT — ESTABLISHED CUSTODIAL ENVIRONMENT.

An "established custodial environment" under the Child Custody Act depends on a custodial relationship of a significant duration in which the child is provided the parental care, discipline, love, guidance, and attention appropriate to his age and individual needs, and a relationship between the custodian and child which is marked by qualities of security, stability, and permanence (MCL 722.27; MSA 25.312[7]).

2. PARENT AND CHILD — CHILD CUSTODY ACT — ESTABLISHED CUSTODIAL ENVIRONMENT — TEMPORARY CUSTODY ORDERS.

A temporary custody order does not in and of itself create an established custodial environment; rather, the existence of an established custodial environment is a question of fact which the trial court must resolve through consideration of all of the relevant factors set forth in the Child Custody Act (MCL 722.27; MSA 25.312[7]).

3. PARENT AND CHILD — CHILD CUSTODY ACT — ESTABLISHED CUSTODIAL ENVIRONMENT.

A finding by a trial court that there exists no established custodial environment within the meaning of the Child Custody Act is not against the great weight of the evidence where, although custody is placed with one parent pursuant to an order of temporary custody, the evidence shows that the child spent significant amounts of time with the noncustodial parent, the environment provided by the custodial parent was not stable or permanent and the child looked to the noncustodial parent for guidance and discipline (MCL 722.27; MSA 25.312[7]).

*Wheeler, Upham, Bryant & Uhl* (by *Jack L. Hoffman*), for plaintiff.

*Dilley & Dilley* (by *Albert R. Dilley*), for defendant.

Before: Beasley, P.J., and R. M. Maher and R. L. Tahvonen,* JJ.

Per Curiam. In his divorce case against his wife, Lisa M. Breas, plaintiff, David A. Breas, sought permanent custody of their three-year-old son, Jeffrey. On August 29, 1984, the trial judge awarded temporary custody of Jeffrey to defendant. However, on June 7, 1985, after a two-day custody trial, the trial judge awarded joint legal custody of Jeffrey to plaintiff and defendant, but awarded permanent physical custody of Jeffrey to plaintiff, subject to the extensive visitation rights of defendant. Defendant appeals as of right.

The parties were married on June 18, 1982. Defendant was 18 years old, had just completed high school, and was pregnant. Jeffrey was born on December 20, 1982. In October, 1983, the parties moved into a mobile home. Defendant moved out of the mobile home in March, 1984, but returned six weeks later. Upon defendant's return, plaintiff moved out, went to his parent's home, and filed for divorce.

As previously indicated, the trial judge awarded temporary custody of Jeffrey to defendant on August 29, 1984. He also granted plaintiff visitation with Jeffrey from 6:00 p.m. Friday to 6:00 p.m. Sunday on every other weekend, on one weekday every other week, and at any other time as the parties may agree. Plaintiff took full advantage of his visitation rights.

In making his decision on permanent custody, the trial judge first determined that an established custodial environment did not exist for purposes of MCL 722.27(c); MSA 25.312(7)(c). Thus, under the statute, the trial judge could modify his temporary custody order and award permanent custody to

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff based on a mere preponderance of the evidence that such an order would be in the best interests of Jeffrey.

Defendant argues that the trial judge erred in two ways in making the determination that an established custodial environment did not exist. First, she asserts that the trial judge committed a clear error of law by finding that, since his initial order giving custody to defendant was "temporary", a custodial environment could not be established during the pendency of such an order. Defendant claims that the trial judge's error of law foreclosed a proper examination of the factual situation in this case in order to determine whether an established custodial environment existed. The factors which must be assessed in deciding this issue are detailed in MCL 722.27(c); MSA 25.312(7)(c) as follows:

> "The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered."

Our review of the trial judge's specific findings on whether an established custodial environment existed indicates that defendant's argument is without merit. The trial judge did not base his decision on the fact that his original custody order was "temporary". In fact, the trial judge properly stated that the temporary custody order did not, by itself, establish the custodial environment. He expressly acknowledged that he was required to assess all the factors in the statute.

In setting out the proper standard to be applied to the facts in this case, the trial judge quoted

from the Michigan Supreme Court decision in *Baker v Baker,*[1] as follows:

"Certainly the orders of custody that entered on September 16 and October 3, 1978, did not, of themselves, establish the custodial environment with which we are concerned here. Such an environment depended instead upon a custodial relationship of a significant duration in which Arthur was provided the parental care, discipline, love, guidance and attention appropriate to his age and individual needs; an environment in both the physical and psychological sense in which the relationship between the custodian and the child is marked by qualities of security, stability and permanence."

The trial judge correctly interpreted *Baker* to require him to evaluate all the statutory factors. He did not disregard our decision in *Blaskowski v Blaskowski*[2] by focusing only on the "temporary" nature of the original custody order and failing to assess the factual situation based on the statutory factors. On the contrary, he considered the total picture. We are satisfied that the trial judge did not commit a clear legal error such as would allow this Court to order reversal of the trial judge's custody decision under MCL 722.28; MSA 25.312(8).

Defendant also asserts that the trial judge made findings of fact against the great weight of the evidence in determining that an established custodial environment did not exist. This argument is also without merit. As in *Curless v Curless,*[3] plaintiff had indicated that he was going to contest permanent custody when the trial judge awarded temporary custody to defendant. In the within

---

[1] 411 Mich 567, 579-580; 309 NW2d 502 (1981).

[2] 115 Mich App 1; 320 NW2d 268 (1982).

[3] 137 Mich App 673; 357 NW2d 921 (1984).

case, there was testimony at the custody hearing that Jeffrey had spent significant amounts of time with plaintiff since the separation of the parties. There was also testimony that the environment provided for Jeffrey by defendant was not stable or permanent.

The record indicates that defendant's relationship with Jeffrey was marked by tension and that the extreme closeness of her relationship with her mother seriously interfered with her interactions with Jeffrey. The evidence presented during the custody hearing also demonstrated that Jeffrey looked primarily to plaintiff for guidance and discipline. Based on these facts, we conclude that the trial judge properly considered the factors detailed in the statute and did not abuse his discretion or rule against the great weight of the evidence in finding that an established custodial environment did not exist. Therefore, the trial judge properly applied a preponderance of the evidence standard in determining which party should have permanent custody of Jeffrey.

Defendant goes on to assert that, even if the preponderance of evidence standard were appropriate in this case, the trial judge made findings of fact against the great weight of the evidence in determining that the best interests of Jeffrey would be served if plaintiff were awarded permanent physical custody. Although, as the trial judge recognized, it was a close case as to which party could provide the custodial care which was in the best interests of Jeffrey, we do not believe that the trial court's decision is against the great weight of the evidence.[4]

Upon close review of the record, we find that the

---

[4] It would seem likely that under the old custody statute that afforded a presumption favoring the mother for custody of children under 12, defendant would have prevailed in this case.

trial judge properly applied all the factors required for a determination of the best interests of the child as detailed in MCL 722.23; MSA 25.312(3). The trial judge stated his findings as to each factor. He specifically found that plaintiff's relationship with Jeffrey was more appropriate and indicated stronger emotional ties than his relationship with defendant. In reaching his conclusion, the trial judge did not abuse his discretion or make findings of fact against the great weight of the evidence. Furthermore, we give due deference to the further fact that the trial judge has had full opportunity to hear and view these parties.

In conclusion, we find that the trial judge committed no errors which would allow this Court to disrupt the custody decision as to Jeffrey under MCL 722.28; MSA 25.312(8).

Affirmed.