BACON v BACON

Docket No. 44770. Submitted April 8, 1980, at Lansing.—Decided May 5, 1980.

Plaintiff, Theresa Bacon, petitioned for a dissolution of marriage in California. Her husband, Charles B. Bacon, had moved from California to Michigan with their child, Andrew, prior to the filing. The California court exercised jurisdiction in the matter, awarding temporary custody of Andrew to plaintiff. Plaintiff petitioned the Genesee Circuit Court to enforce the California order and defendant petitioned for custody of Andrew. Prior to a hearing on these petitions the California court entered an interlocutory judgment of dissolution, tentatively disposing of all marital issues, including custody. A hearing was held and the Genesee Circuit Court, Donald R. Freeman, J., held that, because the child was a resident of the State of Michigan at the time of filing of the custody petition by defendant, it had concurrent jurisdiction with the California court and granted custody to plaintiff. Plaintiff appeals, claiming that the court should not have exercised jurisdiction over the custody of the child. Held:

It is improper for a Michigan court to exercise jurisdiction in a custody matter where, at the time of filing, the matter is pending in a court of a foreign jurisdiction and where there is no allegation that the foreign proceeding was improperly initiated, that it had been stayed or that exigent circumstances existed necessitating this state's protection.

Reversed and remanded.

1. PARENT AND CHILD — CUSTODY — JURISDICTION — CHOICE OF JURISDICTIONS — BURDEN OF PROOF — STATUTES.

The burden of proving the necessity for exercising jurisdiction in a child custody matter, where at the time of filing the petition a proceeding concerning the custody of the child is pending in the court of another state, rests on the party seeking this state's

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 148.
24 Am Jur 2d, Divorce and Separation §§ 772-782.
[2] 24 Am Jur 2d, Divorce and Separation §§ 772-782.

intervention; it is for that party to inform our courts of any stay entered by the foreign jurisdiction pending resolution in this state or of any exigent circumstances necessitating this state's involvement (MCL 600.656[1]; MSA 27A.656[1]).

2. PARENT AND CHILD — CUSTODY — JURISDICTION — CHOICE OF JURISDICTIONS.

It is improper for a Michigan court to exercise jurisdiction in a custody matter where, at the time of filing, the matter is pending in a court of a foreign jurisdiction and where there is no allegation that the foreign proceeding was improperly initiated, that it had been stayed or that exigent circumstances existed necessitating this state's protection.

*Fox, Fox, Fitzer & Waterstone,* for plaintiff.

Before: D. C. RILEY, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

D. C. RILEY, P.J. Plaintiff appeals from a March 26, 1979, decision of the Genesee County Circuit Court, in which that court concluded that it had jurisdiction over plaintiff's and defendant's child custody dispute and awarded custody to plaintiff. Plaintiff claims that it was error for the court to assert jurisdiction after the custody issue presumably had been resolved by the Superior Court of California, County of Los Angeles.

The issue raised by plaintiff concerns the scope and effect of the Uniform Child Custody Jurisdiction Act, MCL 600.651 *et seq.;* MSA 27A.651 *et seq.* This act was enacted to:

"(a) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being.

"(b) Promote cooperation with the courts of other states so that a custody decree or judgment is rendered

in that state which can best decide the case in the interest of the child.

"(c) Assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.

"(d) Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child.

"(e) Deter abductions and other unilateral removals of children undertaken to obtain custody awards.

"(f) Avoid relitigation of custody decisions of other states in this state insofar as feasible.

"(g) Facilitate the enforcement of custody decrees or judgments of other states.

"(h) Promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child.

"(i) Make uniform the law of those states which substantially conforms to sections 651 to 673.

"(2) Sections 651 to 673 shall constitute the 'uniform child custody jurisdiction act' and shall be construed to promote the general purposes stated in this section." MCL 600.651; MSA 27A.651.

It is clear from the policies set forth in this act that, optimally, jurisdiction should only be asserted by one state. Ames: *McDonald v McDonald: Michigan Applies the Uniform Child Custody Jurisdiction Act,* 1978 Det Col L Rev 123, 127. MCL 600.656(1); MSA 27A.656(1)[1] provides that even if one state has the right of jurisdiction, normally it

---

[1] "A court of this state shall not exercise its jurisdiction under sections 651 to 673 if at the time of filing the petition a proceeding concerning the custody of the child is pending in a court of another state exercising jurisdiction substantially in conformity with sections

should not exercise it "if at the time of filing the petition a proceeding concerning the custody of the child is pending in a court of another state". Therefore, when another state has legitimately exercised jurisdiction, we begin our inquiry with a presumption *against* assertion of jurisdiction. The burden of proving the necessity for exercising jurisdiction rests on the party seeking this state's intervention. It is up to that party to inform our courts of any stay entered by another state pending resolution in this state or of any exigent circumstances necessitating this state's involvement. See MCL 600.656(1); MSA 27A.656(1).

In the instant case, plaintiff filed for divorce in California on March 3, 1978, and was awarded temporary custody of the minor child. In June of that year, after plaintiff petitioned the Genesee Circuit Court to enforce a temporary custody award by the California court, defendant filed for custody in Michigan. The California matter was still pending, being permanently resolved by that state's Superior Court on November 27, 1978. Since there were no allegations in this case that the California proceeding was improperly initiated,[2] or that it had been stayed, or that there was some emergency necessitating this state's protection, the Michigan court's intervention was improper. The lower court should not have exercised jurisdiction in this case and must be reversed on this basis.[3]

651 to 673, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons or unless temporary action by a court of this state is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent." MCL 600.656(1); MSA 27A.656(1).

[2] The defendant's attorney admitted at the hearing held in this case that plaintiff had attempted to notify defendant of the California proceeding as required by that state's law.

[3] Prior to exercising jurisdiction, the lower court asserted that it

*had* jurisdiction. Jurisdictional analysis is unnecessary in a case where another state has properly assumed jurisdiction unless a stay or emergency circumstances can be demonstrated. Although unnecessary to our result, we note that the lower court wrongly approved any jurisdiction in Michigan.

Four bases for jurisdiction are recognized by the Child Custody Jurisdiction Act:

"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification-decree or judgment if any of the following exist:

"(a) This state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

"(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.

"(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (a), (b), or (c) or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child and it is in the best interest of the child that this court assume jurisdiction." MCL 600.653(1); MSA 27A.653(1).

The only conceivable basis for jurisdiction *sub judice* is (1)(b) which requires significant connections of the parent and the child to the state and substantial evidence about the child to be available in the state. Mere presence in the state is not sufficient, MCL 600.653(2); MSA 27A.653(2), for custody jurisdiction requires maximum rather than minimum contacts with the state. *McDonald v McDonald,* 74 Mich App 119, 127; 253 NW2d 678 (1977).

While the defendant-father has established more than mere temporary contact with this state as he is domiciled here, the same cannot be said for the instant child. *Contra, Green v Green,* 87 Mich App 706, 710-711, fn 1; 276 NW2d 472 (1978). The child's connection with Michigan is merely the few months that he spent here attending school and living with his father and his aunt. The child was born, adopted and lived in California his entire life except for the few months that he lived in Michigan. Presumably, the majority of his school and health records, as well as his social contacts, remain in that state. Further, California is the only state where the parties and the child ever lived together as a family, *McDonald, supra,* 129, and it is where the plaintiff-mother has continuously maintained residency.

Reversed and remanded for an entry of dismissal order.

No costs, a matter of statutory interpretation being involved.

---

These are the "substantial" and "significant" state connections required by the act, which Michigan can only claim by exaggerating its minimum contacts. We refuse to distort the intent and plain meaning of the Uniform Child Custody Jurisdiction Act to allow this state's assertion of jurisdiction.