THOMPSON v HAIR

Docket No. 85156. Submitted August 14, 1985, at Lansing.—Decided
October 21, 1985. Leave to appeal denied, 424 Mich 864.

Plaintiff, William B. Thompson, brought an action in the Washte-
naw Circuit Court seeking custody of his eight-year-old daugh-
ter. Custody of the daughter had previously been granted to
defendant, Svetlana M. Hair, the child's mother, by a court in
the State of Washington while both parties and the child were
living in Washington. Defendant currently resides in Washing-
ton and the child had been living in Washington until she came
to Michigan to visit plaintiff. The trial court, William F. Ager,
Jr., J., concluded that he had no jurisdiction to determine
custody and ordered that the child be returned to Washington.
Thereafter, another circuit court judge, acting in Judge Ager's
absence, refused to stay Judge Ager's order. Plaintiff appeals
from these orders. The Court of Appeals granted a stay and
ordered an expedited hearing. *Held:*

1. The Washtenaw Circuit Court was obligated under the
Uniform Child Custody Jurisdiction Act, adopted in both Michi-
gan and Washington, to enforce the Washington custody orders.
The trial court correctly determined that only the courts in the
State of Washington, rather than Michigan, had jurisdiction to
modify the Washington custody orders.

2. The State of Washington has not declined jurisdiction and
the Washington Superior Court which initially issued the cus-
tody orders has indicated that it would exercise jurisdiction and
monitor the situation there.

3. The physical presence of the child in Michigan and one
parent's presence alone, under the facts of this case, are not
sufficient to confer jurisdiction with the Michigan courts. The
child had not been abandoned by the defendant, and there was
no valid emergency or risk situation. The child's contacts with
Michigan were not significant. It was not in the child's best
interest for the Michigan court to exercise jurisdiction. None of

References for Points in Headnotes
[1-4] Am Jur 2d, Divorce and Separation §§ 1145, 1147.
    Validity, construction, and application of Uniform Child Custody
    Jurisdiction Act. 96 ALR3d 968.

the four jurisdictional prerequisites set forth in the Uniform Child Custody Jurisdiction Act, which would allow a Michigan court to exercise jurisdiction, were met.

Affirmed.

1. PARENT AND CHILD — UNIFORM CHILD CUSTODY JURISDICTION ACT — JURISDICTION.

The *Uniform Child Custody Jurisdiction Act governs the power of state courts to enforce custody orders of other states and the jurisdiction of Michigan's courts to make child custody determinations; the act contemplates jurisdiction both to make initial custody orders and to modify custody orders (MCL 600.651-600.673; MSA 27A.651-27A.673).*

2. PARENT AND CHILD — UNIFORM CHILD CUSTODY JURISDICTION ACT.

Enforcement in Michigan of a custody order from another state is mandatory, absent a valid emergency situation, if the state which entered the order has adopted the Uniform Child Custody Jurisdiction Act and the court from the other state had jurisdiction under its laws to enter the custody order (MCL 600.663; MSA 27A.663).

3. PARENT AND CHILD — UNIFORM CHILD CUSTODY JURISDICTION ACT.

The purposes of the Uniform Child Custody Jurisdiction Act include the avoidance of jurisdictional competition and conflict with courts of other states, promotion of cooperation with the courts of other states to ensure that the court in the best position to do so decides the case in the interest of the child, deterrence of continuing custody controversies and abductions, avoiding relitigation of custody decisions when possible, and facilitating enforcement of custody orders (MCL 600.651; MSA 27A.651).

4. PARENT AND CHILD — UNIFORM CHILD CUSTODY JURISDICTION ACT — COURTS — JURISDICTION.

A Michigan court, in order to asume jurisdiction to modify a child custody decree or judgment of another state, must first determine that (a) it has jurisdiction under the jurisdictional prerequisites of the Uniform Child Custody Jurisdiction Act and (b) the other state no longer has jurisdiction under these jurisdictional prerequisites or has declined to exercise that jurisdiction (MCL 600.653[1], 600.664[1]; MSA 27A.653[1], 27A.664[1]).

*Shirley J. Burgoyne,* for plaintiff.

*Gerald C. Beckwith,* for defendant.

Before: DANHOF, C.J., and V. J. BRENNAN and J. H. GILLIS, JR.,* JJ.

V. J. BRENNAN, J. Plaintiff filed a complaint in Washtenaw County Circuit Court on January 3, 1985, seeking custody of his eight-year-old daughter pursuant to the Uniform Child Custody Jurisdiction Act, MCL 600.651-600.673; MSA 27A.651-27A.673 (the UCCJA). Custody had previously been granted to defendant by a court in the State of Washington. Defendant currently resides in Washington and had the child until she came to Michigan on December 25, 1984, to visit plaintiff. Washtenaw County Circuit Court Judge William F. Ager, Jr., ultimately concluded that he had no jurisdiction to determine custody. Since jurisdiction remained with the Washington court, Judge Ager ordered that the child be returned to Washington and another circuit court judge, acting in Judge Ager's absence, refused to stay Judge Ager's order. Plaintiff appeals from these orders as of right. This Court granted a stay on June 25, 1985, and ordered an expedited hearing.

The UCCJA governs the power of state courts to enforce custody orders of other states and the jurisdiction of Michigan's courts to make child custody determinations. It contemplates jurisdiction both to make initial custody orders and to modify custody orders. MCL 600.652(d); MSA 27A.652(d). The purposes of the UCCJA are outlined in MCL 600.651; MSA 27A.651. They include avoidance of jurisdictional competition and conflict with courts of other states, promotion of cooperation with the courts of other states to ensure that the court in the best position to do so decides the case in the interest of the child, deterrence of continuing custody controversies and abductions,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

avoiding relitigation of custody decisions when possible, and facilitating enforcement of custody orders.

The Washington custody orders were entered while both parties and the child were living in Washington. No subsequent modifications were apparently made. The UCCJA provides:

"The courts of this state shall recognize and enforce an initial or modification decree or judgment of a court of another state which had assumed jurisdiction under statutuory provisions substantially in accordance with sections 651 to 673 or which was made under factual circumstances meeting the jurisdictional standards of sections 651 to 673 as long as this decree or judgment has not been modified in accordance with jurisdictional standards substantially similar to those of sections 651 and 673." MCL 600.663; MSA 27A.663.

Enforcement of a custody order from another state is mandatory if the state which entered the order has adopted the UCCJA (absent a valid emergency situation). *Bull v Bull,* 109 Mich App 328, 335; 311 NW2d 768 (1981). Washington adopted the UCCJA in 1979. Nothing in the record suggests that the Washington court did not have jurisdiction under Washington law to enter its custody orders. Therefore, the Washtenaw County Circuit Court was obligated under the UCCJA to enforce the Washington orders.[1]

Section 664(1) of the UCCJA, MCL 600.664(1); MSA 27A.664(1), provides:

"If a court of another state has made a custody decree or judgment, a court of this state shall not modify that decree or judgment unless it appears to the court of this state that the court which rendered the

---

[1] Our opinion is not inconsistent with any of the sections of the Parental Kidnapping Prevention Act of 1980 which is codified at 28 USC 1738A.

decree or judgment does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 651 or 673 or has declined to assume jurisdiction to modify the decree or judgment and the court of this state has jurisdiction."

Two conditions must be met before the Michigan court could modify the Washington custody orders: (1) the Washtenaw County Circuit Court had jurisdiction *and* (2) the Washington court either did not have jurisdiction or had declined to exercise it. See *Brown v Brown,* 104 Mich App 621, 625; 305 NW2d 272 (1981).

The UCCJA sets forth four jurisdictional prerequisites and meeting any of the prerequisites will allow a Michigan court to exercise jurisdiction to make a child custody determination, by modification of a decree or judgment. See MCL 600.653(1); MSA 27A.653(1).

We have examined the facts before us in light of each of the prerequisites and it is our opinion that the trial court correctly determined that only the courts in the State of Washington, rather than Michigan, had the jurisdiction to modify the custody orders which were initially issued by the Washington Superior Court in King County, Seattle, Washington.

Although the child was physically present in Michigan, she had not been abandoned by her mother who lived in Washington, nor was there a valid emergency situation. Although testimony indicated that the child may not have received the best of care possible, a court here could not conclude from testimony of the parties in interest that she was abandoned, mistreated or neglected by her mother. The circumstances occurred in Washington, where they could be more easily investigated. Michigan is far removed from the al-

leged occurrences of improper care. Furthermore, the State of Washington has not declined jurisdiction and the Superior Court Commissioner has indicated that the Superior Court would exercise jurisdiction and monitor the situation there. Washington has not yet had the opportunity to exercise jurisdiction because plaintiff never proceeded there.

The physical presence of the child in Michigan and one parent's presence alone, under the facts in this case, are not sufficient to confer jurisdiction with the Michigan courts. The child had been in Michigan for a Christmas visit, having arrived on December 25, 1984. She was to return to Washington on January 3, 1985. Plaintiff did not send her back and instituted the instant suit in Washtenaw County that same day. The child's contacts with Michigan were not significant and there was no emergency or risk situation. The record also reveals that Washington was the child's home state on January 3, 1985, when the instant proceedings was commenced. The child can be considered to have been living with her mother in Washington, although in the temporary care of another at the mother's request. It was also not in the child's best interests for the Michigan court to exercise jurisdiction. Again, the Washington authorities were familiar with the case and the background of both parents and were in a far better position to evaluate the entire situation involving both the mother and the father. Thus, none of the prerequisites under the UCCJA have been met here. Jurisdiction should be asserted only by one state. *Bacon v Bacon,* 97 Mich App 334, 336; 293 NW2d 819 (1980).

We recognize that this is one of those cases where the evidence presented by plaintiff raises a temptation to assume jurisdiction and keep Erin in

what Judge Ager described as a "happy home" because the picture painted of her life in Washington appeared bleak. A Michigan court can only perform acts within its jurisdiction, however. The Washington courts can be fully apprised of the Michigan proceeding pursuant to the Washington statutes analogous to MCL 600.664(2); MSA 27A.664(2) and MCL 600.669-600.672; MSA 27A.669-27A.672. Judge Ager recommended that a transcript be made available to the Washington authorities. The Washington court will presumably face its task with the same conscientiousness as the Washtenaw County Circuit Court.

We point out that Judge Ager indicated that he was "tremendously impressed" with the child. We point out that Judge Ager was not deciding custody. He did, however, have to consider whether an emergency situation existed in order to determine if he had jurisdiction.

This case is a difficult one and we commend Judge Ager for his thorough efforts in evaluating the situation before him and for fairly applying the law and weighing all the facts before concluding that there was no jurisdiction. At times, a court's decision may be most difficult to make because only one side of the picture is presented and the court must fairly evaluate the entire situation. Because of the UCCJA, we agree that the Michigan courts cannot wrest control from the Washington courts. We know that the situation at bar will be closely monitored and evaluated in Washington in order to protect the interests of all parties involved.

The father always has the right to file a request for a change of custody in Washington if he feels that the circumstances have changed enough to warrant a change in the orders.

Affirmed. We retain no further jurisdiction.