BROWN v BROWN

Docket No. 112144. Submitted April 14, 1989, at Detroit. Decided
November 6, 1989. Leave to appeal applied for.

Plaintiff, Debra C. Brown, was married to, lived with, and di-
vorced from defendant, Burrell N. Brown, III, in Mississippi.
The court granted joint custody of their minor children. Then
plaintiff and the children moved to Michigan. The Mississippi
court modified its judgment to grant plaintiff custody during
the school year and defendant custody during the summer. The
Mississippi court then ordered custody to be transferred from
plaintiff to defendant. Plaintiff then moved the Macomb Circuit
Court to modify the Mississippi judgment regarding custody.
The court, Frederick D. Balkwill, J., found Mississippi to be the
more convenient forum and ordered plaintiff to comply with
the Mississippi order requiring her to transfer custody to
defendant. Plaintiff appealed.

The Court of Appeals *held:*

1. The Uniform Child Custody Jurisdiction Act provides that
a domestic court shall not modify a custody award of a foreign
court unless the foreign court does not have jurisdiction under
jurisdictional prerequisites substantially like those of the uni-
form act or unless the foreign court, having jurisdiction, de-
clines to exercise it.

2. Under the Uniform Child Custody Jurisdiction Act, a court
having jurisdiction may decline to exercise it where, in its
discretion, it finds that it is an inconvenient forum.

3. The court did not abuse its discretion in finding that
Mississippi was the more appropriate forum for making the
decision as to custody and declining to exercise jurisdiction.

Affirmed.

NEFF, J., dissented. She would hold that the Mississippi court
did not make its custody order as a result of a consideration of
the best interests of the children and that, therefore, the circuit

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1145, 1147.
Validity, construction, and application of Uniform Child Custody
Jurisdiction Act. 96 ALR3d 968.

court erred in declining to exercise its jurisdiction. She would reverse and remand with instructions.

1. PARENT AND CHILD — CHILD CUSTODY — UNIFORM CHILD CUSTODY JURISDICTION ACT.

The Uniform Child Custody Jurisdiction Act requires that the act be construed to promote the following purposes: a) avoiding jurisdictional competition; b) promoting cooperation with the courts of other states; c) assuring a forum with the closest connection to the litigants and the evidence; d) discouraging continuing controversies; e) deterring abductions and removals of children to obtain custody awards; f) avoiding relitigation; g) facilitating enforcement of custody awards; and h) promoting mutual assistance between domestic and foreign courts (MCL 600.651[1][a]-[b], [2]; MSA 27A.651[1][a]-[b], [2]).

2. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY — FOREIGN CUSTODY AWARDS — UNIFORM CHILD CUSTODY JURISDICTION ACT.

The Uniform Child Custody Jurisdiction Act provides that a domestic court shall not modify a custody award of a foreign court unless the foreign court does not have jurisdiction under jurisdictional prerequisites substantially like those of the uniform act or unless the foreign court, having jurisdiction, declines to exercise it (MCL 600.664[1]; MSA 27A.664[1]).

3. PARENT AND CHILD — CHILD CUSTODY — UNIFORM CHILD CUSTODY JURISDICTION ACT.

A circuit court which has jurisdiction under the Uniform Child Custody Jurisdiction Act to make an initial or modification judgment as to child custody may decline to exercise jurisdiction if the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum; a decision whether or not to decline jurisdiction is discretionary with the circuit court (MCL 600.657; MSA 27A.657).

*Annette L. Baker,* for plaintiff.

*Thomas A. Stotz,* for defendant.

Before: GRIBBS, P.J., and MURPHY and NEFF, JJ.

MURPHY, J. Plaintiff appeals as of right from an order of the circuit court declining to exercise jurisdiction under the provisions of the Uniform

Child Custody Jurisdiction Act (UCCJA), MCL 600.651 *et seq.*; MSA 27A.651 *et seq.,* for purposes of ruling on a contested child custody dispute. We affirm.

The parties were married in Mississippi in May of 1978. The couple had two children, Burrell Newberry Brown, IV, born March 5, 1979, and Melissa Lynn Brown, born March 6, 1986. The parties separated in June, 1986, approximately three months after the birth of their daughter. A judgment of divorce was granted in Mississippi in June, 1987.

Under an agreement which was incorporated into the divorce judgment, the parties had joint legal and physical custody of the children. The judgment provided that the children were to live with plaintiff during the school year and with defendant during the summer. Additional provisions addressing custody over various holidays were included in the judgment and both parties were granted "unlimited right of reasonable visitation." Both parties were Mississippi residents through the time the judgment of divorce was entered. In July, 1987, one month after the judgment of divorce, plaintiff moved to Michigan, taking both her children with her, to live with her parents. Almost immediately a dispute over visitation rights arose and defendant filed a petition in the Rankin County (Mississippi) Chancery Court to modify provisions of the divorce judgment and to obtain a contempt citation against plaintiff.

A hearing was held on August 11, 1987. Plaintiff, who was represented by counsel, was present at this hearing and testified. The parties agreed to settle their dispute and they modified the custody and visitation provisions of the divorce judgment. Plaintiff was still to have custody during the school year and defendant to have custody during

the summer. However, the modification provided that, when plaintiff had custody, defendant could exercise weekend visitation no more than two weekends each month provided that he provide all transportation for such visits. Conversely, plaintiff could have the same weekend visitation rights while the children were residing with defendant. The parties would exchange the children at a police department in Cave City, Kentucky. This modification of the divorce judgment was entered by order of the Mississippi court on December 14, 1987.

Four months later, on April 1, 1988, defendant filed another petition in Mississippi seeking a contempt citation against plaintiff. Defendant alleged that plaintiff failed to comply with the visitation and custody provisions of the amended judgment and plaintiff failed to provide defendant with information regarding the children. This matter was heard on April 21, 1988, and June 29, 1988. Plaintiff did not attend; however, she was represented by counsel. Following defendant's testimony, the court stated that plaintiff had violated the visitation provisions and found plaintiff in contempt and ordered her arrest. The court also ordered custody of the children was to be transferred from plaintiff to defendant.

On July 8, 1988, plaintiff filed a motion in Michigan to modify the Mississippi judgment regarding custody. Plaintiff sought a temporary order granting her full custody, with reasonable rights of visitation to defendant, and a referral of the matter to the Friend of the Court for a full investigation and recommendation regarding custody. Plaintiff alleged that the children had been living in Michigan continuously since July 7, 1987, and that plaintiff was held in contempt in Mississippi "for failure to remove the children from

school for visitation with their father, even though plaintiff explained that Spring break could not begin until April 1, 1988." Plaintiff also alleged that she feared that defendant would obtain a custody order in Mississippi and come to Michigan and remove the children. Defendant answered, requesting the circuit court to deny plaintiff's motion and not exercise jurisdiction pursuant to the UCCJA. The circuit court essentially determined that Mississippi was a more convenient forum for the resolution of the custody dispute. The circuit court ordered plaintiff to comply with the Mississippi court order requiring that she transfer custody to defendant. Plaintiff now appeals as of right.

Plaintiff essentially contends that the circuit court erred in failing to exercise jurisdiction to modify the Mississippi custody order pursuant to the UCCJA. We disagree.

The Uniform Child Custody Jurisdiction Act, MCL 600.651 *et seq.*; MSA 27A.651 *et seq.,* governs the power of state courts to enforce custody orders of other states and the jurisdiction of Michigan's courts to make child custody determinations. It contemplates jurisdiction both to make initial custody orders and to modify custody orders. MCL 600.652(d); MSA 27A.652(d); *Thompson v Hair,* 146 Mich App 561, 563; 381 NW2d 765 (1985), lv den 424 Mich 864 (1985).

The general purposes of the UCCJA are to:

(a) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being.

(b) Promote cooperation with the courts of other states so that a custody decree or judgment is

rendered in that state which can best decide the case in the interest of the child.

(c) Assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.

(d) Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child.

(e) Deter abductions and other unilateral removals of children undertaken to obtain custody awards.

(f) Avoid relitigation of custody decisions of other states in this state insofar as feasible.

(g) Facilitate the enforcement of custody decrees or judgments of other states.

(h) Promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child. [MCL 600.651(1)(a)-(h); MSA 27A.651(1)(a)-(h).]

The Legislature requires that the UCCJA be construed to promote the general purposes stated above. MCL 600.651(2); MSA 27A.651(2).

The provision in the UCCJA addressing the modification of sister state custody decrees on judgments states:

If a court of another state has made a custody decree or judgment, a court of this state shall not modify that decree or judgment unless it appears to the court of this state that the court which rendered the decree or judgment does not now have jurisdiction under jurisdictional prerequisites

substantially in accordance with sections 651 to 673 or has declined to assume jurisdiction to modify the decree or judgment and the court of this state has jurisdiction. [MCL 600.664(1); MSA 27A.664(1).]

The inquiry then, in this case, is whether Mississippi does not have jurisdiction or Mississippi has declined to assume jurisdiction to modify the decree or judgment and Michigan has jurisdiction.

The record in this case reveals absolutely nothing indicating that Mississippi has declined to assume jurisdiction to modify its decree. To the contrary, Mississippi has played an active role in the custody matter issuing two separate orders addressing the parties' disagreements relative to visitation. Simply, Mississippi cannot be said to have declined jurisdiction over this matter. Therefore, in order for Michigan to modify Mississippi's custody order, it must be shown that Mississippi "does not now have jurisdiction under the jurisdictional prerequisites substantially in accordance with sections 651 to 673 . . . and the court of this state has jurisdiction." MCL 600.664(1); MSA 27A.664(1). See also *In re Danke,* 169 Mich App 453, 457-458; 426 NW2d 740 (1988).

The statutory clause, "does not now have jurisdiction," refers to the time when the petition to modify the foreign order was filed in Michigan. *Danke, supra,* p 457, and cases cited therein.

We must analyze whether Michigan or Mississippi had jurisdiction under the UCCJA on July 8, 1988, the date plaintiff moved in Michigan requesting the circuit court modify the Mississippi custody order. Whether a court had jurisdiction to decide or modify a child custody matter under the UCCJA depends upon whether the circumstances of the case can fulfill one of the following criteria:

(a) This state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.

(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.

(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (a), (b), or (c) or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child and it is in the best interest of the child that this court assume jurisdiction. [MCL 600.653; MSA 27A.653.]

Since plaintiff had lived in Michigan continuously[1] for one year at the time the motion was filed and defendant still lived in Mississippi where

[1] We find it interesting that plaintiff's motion to modify the Mississippi custody order states that both children "have been residing in the State of Michigan since July 7, 1987," when such a statement essentially admits plaintiff did not comply with the visitation agreement entered into in Mississippi on August 11, 1987. That agreement specifically provided that the children would live with defendant during the summer. Moreover, we note that the original divorce judgment provided for such an arrangement. Therefore, at the time plaintiff filed her motion in July 1988, she was violating the terms of

the children had spent their entire lives up until the completion of the divorce, we conclude that subsection (b) above would confer jurisdiction on both Michigan and Mississippi.

When § 653(1)(b) of the UCCJA confers concurrent jurisdiction in more than one state, § 656 and § 657 offer guidance to ensure that only one state makes the custody decision. See 9 Uniform Laws Annotated, Uniform Child Custody Jurisdiction Act, § 3, Comment, p 144.

MCL 600.656; MSA 27A.656, in pertinent part, provides:

> (1) A court of this state shall not exercise its jurisdiction under sections 651 to 673 if at the time of filing the petition a proceeding concerning the custody of the child is pending in a court of another state exercising jurisdiction substantially in conformity with sections 651 to 673, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons or unless temporary action by a court of this state is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.

Simply, this section is not applicable to the facts of this case.

Turning to MCL 600.657: MSA 27A.657, that section, in relevant part, provides:

the custody agreement for at least one month. See also MCL 600.658(1); MSA 27A.658(1), which provides that if a petitioner has engaged in reprehensible conduct, which is similar to wrongfully taking a child from another state, the court may decline to exercise jurisdiction if this is just and proper under the circumstances. While there was no court order preventing plaintiff from moving to Michigan with her children, it is apparent that both the Mississippi court and Michigan court, after reviewing plaintiff's actions, believed that she was unjustifiably refusing to comply with the joint custody and visitation agreements.

(1) A court which has jurisdiction under sections 651 to 673 to make an initial or modification decree or judgment may decline to exercise its jurisdiction before making a decree or judgment if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

\*　\*　\*

(3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

(a) If another state is or recently was the child's home state.

(b) If another state has a closer connection with the child and his family or with the child and 1 or more of the contestants.

(c) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state.

(d) If the parties have agreed on another forum which is no less appropriate.

(e) *If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 651.* [Emphasis added.]

The circuit court, in determining that Mississippi was a more convenient forum to determine any modification of the custody order, stated the following:

Several reasons exist which persuade this Court that it should decline to exercise any jurisdiction it may have in this matter. Since the children apparently have lived in Mississippi continuously except for the last fourteen months, this Court is persuaded that, even if it does have jurisdiction, the Mississippi Court is a more appropriate forum to

decide custody pursuant to section 657. In the opinion of this Court, any intervention on its part would contravene the purposes of the UCCJA set forth above. At the time plaintiff filed this petition the Mississippi Court had not entered an order changing custody, however, the court had stated its decision on the record that custody should be changed. Although plaintiff was not present at the hearing, she was represented by counsel. Furthermore, this Court is persuaded that plaintiff misrepresented the status of custody in her petition. This Court is not inclined to condone such behavior. Rather, in the Court's opinion, the order entered by the Mississippi Court on July 11, 1988 transferring custody to defendant should be enforced.

The question whether to decline jurisdiction under MCL 600.657; MSA 27A.657, the forum non conveniens section of the statute, is discretionary with the trial court. *Lustig v Lustig,* 99 Mich App 716, 726; 299 NW2d 375 (1980). Moreover, the *Lustig* Court cited *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959), for the definition of the term "abuse of discretion":

The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

Our Supreme Court has recently reaffirmed the *Spalding* standard for what constitutes an abuse of discretion in *Poet v Traverse City Osteopathic Hospital,* 433 Mich 228, 251; 445 NW2d 115 (1989).

Therefore, this Court is to be guided by the *Spalding* standard.

The circuit court in this case appropriately considered the general purposes of the UCCJA and in no way can be said to have abused its discretion in determining that Mississippi was the more convenient forum for the parties to resolve their custody dispute. We believe that if Michigan assumed jurisdiction and granted the relief sought by plaintiff, that is, giving her full custody with reasonable visitation rights to defendant, there would be (1) jurisdictional competition between Mississippi and Michigan, (2) a continuing controversy over the custody matter, (3) relitigation of the Mississippi custody decision in Michigan, and (4) an enhanced possibility for the unilateral removal of the children since both parents would now have competing custody orders. See MCL 600.651(1)(a), (b), (d), (e) and (f); MSA 27A.651(1)(a), (b), (d), (e) and (f). See also *Johnson v Keene,* 164 Mich App 436, 444-445; 417 NW2d 524 (1987), lv den 430 Mich 893 (1988).

Finally, we note that we are just as concerned as our dissenting colleague with the best interests of the children. However, we do not believe that the circuit court's decision has violated the children's interests. Clearly, if facts or circumstances have changed, plaintiff presumably can petition the Mississippi court for a change of custody. Moreover, plaintiff has her full range of appeal rights in Mississippi in which she can challenge the court's custody determination. If, in fact, there was an inadequate basis for the Mississippi court to order the change in custody from plaintiff to defendant, we would sincerely hope that decision is rectified on appeal in Mississippi. Nonetheless, for purposes of resolving the single issue raised on appeal in this case, we hold that the lower court did not

abuse its discretion in declining to exercise its jurisdiction under the UCCJA.

Affirmed.

GRIBBS, P.J., concurred.

NEFF, J. *(dissenting)*. I dissent from the majority opinion because I believe that it totally ignores the single most important issue in this dispute and, indeed, in any child custody matter: what is in the best interests of the children.

It must be noted that no determination was made by the Mississippi court, as would be required under Michigan law, as to whether an established custodial environment existed, MCL 722.27(1)(c); MSA 25.312(7)(1)(c), or whether a change of custody was in the best interests of the children, MCL 722.23; MSA 25.312(3). Our failure to remand for hearing on those matters may well mean that no determination of them is ever made.

I

The UCCJA governs the power of state courts to enforce custody orders by other states. It also governs the jurisdiction of Michigan courts to make initial child custody determinations and to modify custody orders. *Thompson v Hair,* 146 Mich App 561, 563; 381 NW2d 765 (1985), lv den 424 Mich 864 (1985).

Whether a court has jurisdiction to decide or modify a child custody matter under the UCCJA depends on whether the circumstances of the particular case fulfill one of the provisions conferring jurisdiction found in § 653(1) of the act. MCL 600.653; MSA 27A.653 states in pertinent part:

(1) A court of this state which is competent to

decide child custody matters has jurisdiction to
make a child custody determination by initial or
modification decree or judgment if any of the
following exist:

(a) This state is the home state of the child at
the time of commencement of the proceeding or
had been the child's home state within 6 months
before commencement of the proceeding and the
child is absent from this state because of his
removal or retention by a person claiming his
custody or for other reasons, and a parent or
person acting as parent continues to live in this
state.

(b) It is in the best interest of the child that a
court of this state assume jurisdiction because the
child and his parents, or the child and at least 1
contestant, have a significant connection with this
state and there is available in this state substan-
tial evidence concerning the child's present or
future care, protection, training, and personal rela-
tionships.

(c) The child is physically present in this state
and the child has been abandoned or it is neces-
sary in an emergency to protect the child because
the child has been subjected to or threatened with
mistreatment or abuse or is otherwise neglected or
dependent.

(d) It appears that no other state would have
jurisdiction under prerequisites substantially in
accordance with subdivisions (a), (b), or (c) or an-
other state has declined to exercise jurisdiction on
the ground that this state is the more appropriate
forum to determine the custody of the child and it
is in the best interest of the child that this court
assume jurisdiction.

On July 8, 1988, the date plaintiff initiated the
present litigation, both Michigan and Mississippi
had jurisdiction over this matter under subsection
(b) of the above statute. When § 653(1)(b) of the
UCCJA produces concurrent jurisdiction in more
than one state, the mechanisms provided in §§ 656

and 657 are generally used to ensure that only one
state makes the custody decision. See 9 Uniform
Laws Annotated, Uniform Child Custody Jurisdic-
tion Act, § 3, Comment, p 144. Thus, while Michi-
gan could exercise concurrent jurisdiction under
§ 653(1)(b), the question becomes one whether the
Michigan court should exercise that jurisdiction.

MCL 600.656; MSA 27A.656 provides in perti-
nent part:

> (1) A court of this state shall not exercise its
> jurisdiction under sections 651 to 673 if at the
> time of filing the petition a proceeding concerning
> the custody of the child is pending in a court of
> another state exercising jurisdiction substantially
> in conformity with sections 651 to 673, unless the
> proceeding is stayed by the court of the other state
> because this state is a more appropriate forum or
> for other reasons or unless temporary action by a
> court of this state is necessary in an emergency to
> protect the child because the child has been sub-
> jected to or threatened with mistreatment or
> abuse or is otherwise neglected or dependent.

MCL 600.657; MSA 27A.657 also states in perti-
nent part:

> (1) A court which has jurisdiction under sections
> 651 to 673 to make an initial or modification
> decree or judgment may decline to exercise its
> jurisdiction before making a decree or judgment if
> it finds that it is an inconvenient forum to make a
> custody determination under the circumstances of
> the case and that a court of another state is a
> more appropriate forum.

The Macomb Circuit Court stated that, even if it
had jurisdiction, it would decline to exercise that
jurisdiction. The court further found that, pursu-
ant to § 657, the Mississippi court was a more

appropriate forum to decide the custody dispute in this matter. The trial court in Michigan also opined that any intervention on its part would contravene the purposes of the UCCJA.

II

I believe that the trial court here erred in declining to exercise jurisdiction pursuant to § 657 because, at the time plaintiff initiated the instant proceedings in the Macomb Circuit Court, a custody decree had already been rendered in Mississippi. Where a custody decree has already been rendered in one state, jurisdiction is determined by §§ 658 and 664. See 9 Uniform Laws Annotated, Uniform Child Custody Jurisdiction Act, § 6, Comment, p 220.

MCL 600.658; MSA 27A.658 concerns the wrongful taking of a child from another state and is inapplicable here. MCL 600.664; MSA 27A.664, the provision in the UCCJA governing modification of foreign custody decrees or judgments, is applicable here, and states in pertinent part:

> If a court of another state has made a custody decree or judgment, a court of this state shall not modify that decree or judgment unless it appears to the court of this state that the court which rendered the decree or judgment does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 651 to 673 or has declined to assume jurisdiction to modify the decree or judgment and the court of this state has jurisdiction. [MCL 600.664(1); MSA 27A.664(1).]

In this case, there is nothing to suggest that the Mississippi court, which issued the July 19, 1987, judgment of divorce and the December 14, 1987,

modification of the divorce decree, declined to assume jurisdiction to modify its decree. To the contrary, by entering its July 11, 1988, order transferring custody of the parties' children from plaintiff to defendant, the Mississippi court demonstrated that it was indeed assuming jurisdiction over the matter. Accordingly, if a court of this state is to modify the Mississippi judgment of divorce or the Mississippi modification of divorce judgment, it must be shown that the Mississippi court "does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 651 to 673 . . . and that the court of this state has jurisdiction." See *In re Danke,* 169 Mich App 453, 457-458; 426 NW2d 740 (1988).

The clause "does not now have jurisdiction," contained in MCL 600.664(1); MSA 27A.664(1), refers to the time when the petition to modify the foreign order was filed in Michigan. Thus, in this case, we look to whether the Mississippi court had jurisdiction under the UCCJA on July 8, 1988, which was the date on which plaintiff initiated the instant proceedings in the Macomb Circuit Court.

Because I would find that both the Michigan and the Mississippi courts had jurisdiction under § 653(1)(b) of the UCCJA on July 8, 1988, as a general rule, the Macomb Circuit Court would be precluded by § 664 from intervening in this matter. Exceptions to the general rule exist, however, where the rendering court failed to exercise jurisdiction in conformity with the UCCJA. *Bull v Bull,* 109 Mich App 328, 342; 311 NW2d 768 (1981). In *Bull, supra,* p 343, this Court stated:

> [T]he entire basis of the Georgia change of custody determination was the defendant's denial of plaintiff's visitation rights without any consideration of what was in the best interests of the child.

Such a procedure would not be in conformity with
the requirements of UCCJA.

In this case, the Mississippi court found on the
record at the June 29, 1988, hearing that there
had been a material and substantial change in the
circumstances of the parties since the rendition of
the final judgment of divorce sufficient to allow a
change of custody from the mother to the father.
The Mississippi court then ordered a change of
custody without taking into consideration the best
interests of the children.

In exercising its discretion within the confines of
the UCCJA, a court must consider not merely the
literal wording of the statute but also its primary
purpose, which is to define and stabilize the right
to custody in the best interest of the child. *EEB &
JEB v DA,* 89 NJ 595, 611; 446 A2d 871 (1982). I
find particularly persuasive the following language
from *EEB & JEB, supra:*

> A custody dispute is more than a jurisdictional
> chess game in which winning depends on compli-
> ance with predetermined rules of play. A child is
> not a pawn. In exercising its discretion within the
> confines of UCCJA and PKPA [Parental Kidnapping
> Prevention Act], a court should consider not only
> the literal wording of the statutes but their pur-
> pose: to define and stabilize the right to custody in
> the best interest of the child.

The pervading concept of the UCCJA is that
custody decisions are to be based on the best
interests of the *children.* Awarding custody is not
a reward for good behavior on the part of a parent;
withholding custody is not a punishment. Those
uses of custody focus on the wrong aspects of the
dispute, the activities of the parents. The focus
must be on what is best for the children. More-

over, vindication of the authority of the court to enforce its orders cannot be a valid basis for determining which parent has custody.

Because the Mississippi court failed to exercise jurisdiction in conformity with the UCCJA by not taking into consideration the best interests of the children before ordering a change of custody, I believe that the Macomb Circuit Court erred in declining to exercise its jurisdiction in this matter.

### III

I would reverse the September 23, 1988, opinion and order entered by the trial court and remand this case with directions to the trial court to accept jurisdiction and to conduct a full evidentiary hearing and determine, first, whether an established custodial environment exists, MCL 722.27(1)(c); MSA 25.312(7)(1)(c), and, second, whether a change of custody is in the best interests of the children, MCL 722.23; MSA 25.312(3).

I would further instruct the lower court that, if an established custodial environment does exist, before a change of custody may be ordered, it must be shown by clear and convincing evidence that such a change of custody would be in the best interests of the children. If an established custodial environment does not exist, a change of custody may be ordered after a showing by a mere preponderance of the evidence that a change of custody would be in the best interests of the children. In determining the best interests of the children, the trial court must consider each of the statutory factors enumerated in MCL 722.23; MSA 25.312(3). *In re Danke, supra,* p 460.

The majority opinion, while claiming otherwise, merely perpetuates the compounded errors of the lower courts in Michigan and Mississippi by failing

to require any action to ensure that the best
interests of the children are properly considered.
To say, as the majority does, that plaintiff retains
her full range of appeal rights in Mississippi begs
the question. A determination of what custody
arrangement is in the best interests of the chil-
dren should be accomplished as quickly as possi-
ble. By declining to exercise jurisdiction, the ma-
jority ensures unnecessary delay and risks that
there will never be a determination of the best-
interests issue. I simply find that result to be
unacceptable and not required by any reasonable
interpretation of the UCCJA.